UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Civil Case Number:_____

**Nelson Henry**

Plaintiff,

vs.

**Sheriff Officer: Joseph Iannone;**

**Sheriff Officer: James Deacetis;**

**City Manager: Jesus Merejo;**

**City of Port St. Lucie;**

Defendants.

_____/



## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C § 1983

I. **Party Information**
   A. Plaintiff: Nelson Henry
      Address: C/o 12415 79th court north, West Palm Beach, Florida 33412
      Year of Birth: 1988

      vs.

   B. Defendant: Joseph Iannone
      Official Position: Sheriff Officer
      Place of Employment: Port St. Lucie Police Department

      Defendant: James Deacetis
      Official Position: Sheriff Officer
      Place of Employment: Port St. Lucie Police Department

      Defendant: Jesus Merejo
      Official Position: City Manager
      Place of Employment: City Hall of Port St. Lucie

1

Defendant: <u>City of Port St. Lucie</u>
Official Position: <u>Municipal</u>
Place of Employment: <u>City Hall</u>

C. Plaintiff, Nelson Henry sue Officer Joseph Iannone (Defendants) in his official capacity and individual capacity, Officer James Deacetis (Defendants) in his official capacity and individual capacity, City Manager Jesus Merejo (Defendants) in its official capacity and individual capacity, and the City of Port St. Lucie (Defendant) in its official capacity and individual capacity, and states the following in good support of this Complaint:

## Introduction

1. This is an action brought under 42 U.S.C. § 1983 and the laws of the State of Florida to hold the City of Port St. Lucie in its official capacity and individual capacity, via its False Imprisonment, False Arrest, Section 1983 Malicious Prosecution and Common Law Malicious Prosecution, liable for any tort committed by Defendants Joseph Iannone and Defendants James Deacetis; City Manager, Jesus Merejo in his Official capacity and individual capacity, via its False Imprisonment, False Arrest, Section 1983 Malicious Prosecution and Common Law Malicious Prosecution liable for any tort committed by Defendants Joseph Iannone and Defendants James Deacetis; One of it Officers Defendant Iannone in his official capacity and individual capacity accountable for section 1983 Illegal Seizure, section 1983 Malicious Prosecution, Common Law Malicious Prosecution, and False Arrest; and one of its Officers James Deacetis in his official capacity and individual capacity, via Illegal Seizure and False Arrest.

## Parties

2. Plaintiff, Nelson Henry is an adult over the age of thirty-five (35), a state citizen and resident of the City of West Palm Beach, Florida. Plaintiff Nelson Henry has his CDL for his

occupation of driving Semi trucks and garbage trucks, is a single father of one child.

3. Defendant Joseph Iannone is a Sheriff Officer with the Port St. Lucie Police Department who fabricated probable cause for pulling behind plaintiff Henry vehicle so defendant Joseph Iannone could fabricate and Frame Plaintiff Henry for DUI, illegally detain and arrest Plaintiff Henry, illegally seized Plaintiff Henry property without probable cause, causing the injury of over detaining Plaintiff Henry for twelve (12) months and a couple weeks well over the six (6) months statutory maximum for DUI in violation of plaintiff Henry eighth amendment and Fourteenth Amendment rights, Malicious prosecution in violation of plaintiff Henry Fourth and Fourteenth Amendment rights, and False Arrest. Defendant Joseph Iannone is sued in his official capacity and individual capacity.

4. Defendant James Deacetis is a Sheriff Officer with the Port St. Lucie Police Department who arrived at the scene as a backup officer at the very start of defendant Iannone questioning plaintiff Henry while plaintiff Henry was in his vehicle. Defendant James Deacetis witness the entire falsified evidence for DUI, refuse to provide his body cam and dashcam that recorded what actually happened in the alleged event, and failed to take reasonable steps to end the unlawful conduct alleged in this complaint. Defendant James Deacetis is sued in his official capacity and individual capacity.

5. Defendant City of Port St. Lucie is located in St. Lucie County, Florida. It is a municipal corporation and the public employer of Defendant's Joseph Iannone and James Deacetis.

6. Defendant Jesus Merejo is a City Manager for the City of Port St. Lucie, Florida. Employer of Defendant Joseph Iannone and Defendant James Deacetis.

**Statement of Claim**

3

7. On Sunday, January 17, 2021, Plaintiff Henry properly pulled over onto the grass shoulder away from the paved road of SE Veterans Memorial Parkway, Plaintiff Henry check for No Parking signs and when no signs was present, Plaintiff Henry parked his vehicle to get some rest based on that plaintiff Henry was tired from repeated back to back 14 hrs shift at work, taking care of his new born daughter at the time, and long drive from Palm Beach to St. Lucie County that day. While sitting upright against his driver seat plaintiff Henry fail asleep in his vehicle on the grass shoulder of SE Veterans Memorial Parkway away from the pave road, and traffic of SE Veterans Memorial Parkway.

8. Photos of SE Veterans Memorial Parkway, and the intersection of SE Veterans Memorial Parkway and Port St. Lucie Blvd are provided to present how it looks, with a grass shoulder, and no signs saying no parking posted any where. See Ex. B.

9. Defendant Iannone stated in his Arrest Affidavit that on Sunday, January 17, 2021 at about 3:01a.m., Defendant Iannone was patrolling eastbound on SE Port St. Lucie Blvd crossing the intersection of SE Veterans Memorial Parkway, when Defendant Iannone fabricated that he observed plaintiff Henry blue Mercedes Benz C300 "<u>stopped at the traffic signal</u>" on SE Veterans Memorial Parkway facing southbound in the northbound lane of SE Veterans Memorial Parkway. See Ex. A, pg. 1.

10. In the roadside video that was provided clearly shows plaintiff Henry vehicle is nowhere at the traffic signal on SE Veterans Memorial Parkway facing southbound in the northbound lane of SE Veterans Memorial Parkway, nor is plaintiff Henry vehicle nowhere in site in the video. See Ex. G, thumb drive.

11. Defendant Iannone stated in his Arrest Affidavit he pulled behind plaintiff vehicle and activated his overhead lights.

12. Defendant Iannone Bodycam and Dashcam in his vehicle recorded the entire encounter between defendant Iannone and plaintiff Henry.

13. Defendant Iannone stated in his Arrest Affidavit that he approached the vehicle on the driver side and observed a black male, plaintiff, Henry sleeping in the front driver seat. See Ex. A, pg. 1.

14. Defendant Iannone knocked on the window, and stated plaintiff Henry woke up. Defendant Iannone then requested plaintiff Henry to provide his credentials and stated plaintiff Henry provided a valid vehicle registration, medical waiver card, and a notice of cancelation vehicle insurance. Further stated plaintiff Henry hand movements were slow and deliberate.

15. Defendant Iannone then asked plaintiff Henry where plaintiff Henry was coming from.

16. Plaintiff Henry advised defendant Iannone that plaintiff came from Rivergate Plaza from Port St. Lucie Blvd., prior to that plaintiff advised he was at a friends performance earlier that evening. That plaintiff Henry was tired from repeated back to back 14 hrs shift at work, taking care of his new born daughter at the time, and long drive from Palm Beach to St. Lucie County that day, that plaintiff before making the long drive back that he properly pulled over to the grass shoulder of SE Veterans Memorial Parkway away from the pave road to rest.

17. Plaintiff Henry never advised Defendant Iannone that he had one alcohol beverage while he was at his vehicle.

18. Defendant Iannone omitted and fabricated most of Plaintiff Henry statements and stated in his Arrest Affidavit that plaintiff Henry stated he came from the parking lot of Rivergate Plaza, prior to that, plaintiff Henry was at a friends house party earlier in the evening. That plaintiff Henry advised that he only consumed one alcoholic beverage this evening.

19. Defendant Iannone further fabricated in his Arrest Affidavit that while speaking with plaintiff Henry, defendant Iannone observed the odor of an alcoholic beverage coming from plaintiff Henry person, that plaintiff Henry eyes were blood shot and watery and both eye lids

were droopy. At that time, Defendant Deacetis arrived on scene as a backup officer.

20. Defendant Iannone then stated in his Arrest Affidavit that based on his observations and talking with plaintiff Henry, he found reasonable suspicion to believe "<u>they</u>" were under the influence of an intoxicating alcoholic beverage. See Ex. A, pg. 1.

21. Defendant Iannone then stated in his Arrest Affidavit that he asked plaintiff Henry to step out of the vehicle and to participate in roadside field sobriety exercises.

22. Plaintiff Henry agreed to participate and exited the vehicle.

23. Defendant Iannone then stated in his Arrest Affidavit that "<u>Mr. Reis</u>" was observed to be stumbled slightly and sway when walking away from the vehicle. See Ex. A, pg. 1.

24. Defendant Iannone stated in his Arrest Affidavit that based all the results of the exercises coupled with his observations of the driver he found probable cause to arrest plaintiff Henry for driving under the influence of an alcoholic beverage.

25. Defendant Iannone then stated in his Arrest Affidavit that "<u>Mr. Grant</u>" placed under arrest, handcuffed behind the back double locked and searched incident to arrest. See Ex. A, pg. 2.

26. Defendant Iannone stated in his Arrest Affidavit that he requested a Lawful test of "<u>their</u>" breath, blood, or urine, to which plaintiff Nelson Henry refused. He was read the "<u>portion</u>" of implied consent warning him if he refused to provide a Lawful test of his breath, blood or urine, which he understood and refused again. See Ex. A, pg. 2.

27. Defendant Iannone stated that at that time, plaintiff Henry was transported to the Port St. Lucie Police Department, where he remained with defendant Iannone in booking room until the proper paperwork was completed.

28. Defendant Iannone fabricated in his Arrest Affidavit that he issued plaintiff Henry a criminal citation for DUI, a written warning for driving in the wrong lane. See Ex. A, pg. 2.

29. Defendant Iannone stated in his Arrest Affidavit That plaintiff Henry was transported to Port St. Lucie Jail and turned over to their agency without further incident. That plaintiff Henry vehicle was removed from the roadway by Kauff's Towing.

30. On approximately four or more occasions in the roadside video that was provided, defendant Iannone referred to roadside exercises/tasks as "<u>tests</u>". See Ex. G, thumb drive.

31. In the roadside video that was provided, defendant Iannone asked plaintiff Henry did he have any problems with his knees, ankle, feet anything that can prevent plaintiff Henry doing the test, and plaintiff Henry advised defendant Iannone that yes he did have a ankle injury, and that his brace is in his vehicle. Defendant Iannone disregarded plaintiff Henry injured ankle and ask plaintiff Henry you think you can still do it. Plaintiff Henry felt he was compelled to do it or he would be locked up and answered by stating he will try. See Ex. G.

32. In the roadside video that was provided, defendant Iannone asked plaintiff Henry how much you had to drink my man? Plaintiff Henry said just only one. Defendant Iannone then asked what else did you have? Plaintiff answered nothing else. Defendant Iannone never asked plaintiff Henry specifically if he drink alcohol. See Ex.G.

33. In the roadside video that was provided, Defendant Iannone tampered with evidence by blurring out plaintiff Henry face in the video so that no one could see that plaintiff Henry eyes was not blood shot red, nor droopy or watery. See Ex. G.

34. Defendant Iannone and Defendant Deacetis refused to provide their Dashcam from his Vehicle and his Bodycam.

35. In January 19, 2021 Bond posted for $500. See Ex. C.

36. In January 19, 2021 case was filed, Arrest Report – initiating case, and Arraignment was set for February 16, 2021. See Ex. C.

37. In March 5, 2021, Order revoking Pretrial Release Bond, Pretrial Release Warrant Issued, and Plaintiff Henry was in Palm Beach County Jail detained waiting to be transport back to Port St. Lucie County jail.

38. In November 19, 2021, I was transported to Port St. Lucie County Jail. See Ex. C.

39. In January 10, 2022, plaintiff, Henry filed Motion in Limine prohibiting the State from eliciting certain evidence, and it was not denied. See Ex. D.

40. In February 15, 2022 plaintiff Henry selected jury and jury was sworn in, and trial began.

41. In February 17, 2022, over plaintiff Henry objection, the Court sua sponte ordered a mistrial and reset for March 1, 2022. Plaintiff Henry advised the court that plaintiff Henry had been held without a bond and was incarcerated twelve (12) months and a couple weeks well over the six (6) months statutory maximum for the charged crime DUI.

42. In February 24, 2022, Plaintiff Henry filed Motion to Dismiss. See Ex. E.

43. February 28, 2022, Motion to Dismiss was denied.

44. In May 31, 2022, Plaintiff Henry Appeal the denial of Motion to Dismiss.

45. In June 1, 2022 the District Court of Appeal granted plaintiff Henry Motion to Dismiss. See Ex. F.

46. As a direct and proximate result of the acts of defendant's, Plaintiff suffered the following injuries and damages:

      a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and property;
      b. Loss of his physical liberty;
      c. Loss of financial obligations for my daughter at the time she was 4 months;
      d. Loss custody of my Child;
      e. Plaintiff child had to adjust to knowing her father;
      f. vehicle repossession twice;
      g. CDL suspended;
      h. Loss CDL job;
      i. Loss my place to stay;
      j. Fail in debt with my credit card;
      k. Family Loss wages calling off from work to be present at every hearing;
      l. Medical issues while being incarcerated;
      m. Not properly feed to my beliefs while incarcerated;
      n. Legal fees;
      o. $5, 500 loss in placing bond;
      p. Loss over $850 to get my vehicle out of the tow yard;
      q. Fees to reinstate CDL;
      r. Fees to eat, call, and be housed while incarcerated
      s.  Emotional distress;
      t. Mental suffering;
      u. Physical pain;
      v. Humiliation;
      w. Suffered damages by being over detained for twelve (12) months and a couple weeks well over the six (6) months statutory maximum for DUI.

47.    The actions of Defendant's violated the following clearly established and well settled federal constitutional rights of plaintiff:
      a. Freedom from the unreasonable seizure of his person;
      b. Freedom from cruel and unusual punishment;
      c. Guaranteed Equal protection and Due Process.

48. At all relevant times, Defendant Joseph Iannone, defendant James Deacetis, defendant Jesus Merejo, and Defendant the City of Port St. Lucie were acting under color of law and under color of authority as police officers, employees, and agents or Servants of the City of Port St. Lucie, Florida and as agents of the State of Florida.

49. These deprivations under color of state law are actionable under and may be redressed by 42 U.S.C. § 1983. Plaintiff Henry will seek his attorneys' fees and costs under 42 U.S.C. § 1988 if and when they prevail.

## Count I
## 42 U.S.C. § 1983 Against Defendant's

50. Plaintiff Henry re-alleges and incorporates by reference the allegations contained in paragraph 1 – 49 as if fully set forth herein.

51. Plaintiff Henry claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendants Iannone, defendant Deacetis, Defendant Jesus Merejo, and the City of Port St. Lucie for violation of his constitutional rights under color of law.

52. Defendant's at all times relevant to this action were acting under color of state law.

53. Defendant Iannone, while acting under the color of the law, violated plaintiff Henry Constitutional rights by unreasonably detaining Plaintiff Henry after defendant Iannone fabricated alleged traffic stop for getting behind plaintiff Henry, Framed Plaintiff Henry for DUI and illegally detain and arrest Plaintiff Henry, illegally seized Plaintiff Henry property without probable cause, tempered with video evidence by blurring out plaintiff Henry face, and fabricated alleged DUI against Plaintiff Henry.

54. Defendant Iannone probable cause for pulling behind plaintiff Henry vehicle was the Fruit of an illegal detention.

55. Defendant Iannone actions caused the injury of over detaining Plaintiff Henry for twelve (12) months and a couple weeks well over the six (6) months statutory

maximum for DUI violating the Constitutional Rights guaranteed to Plaintiff Henry by the fourth amendment, eighth amendment, and Fourteenth Amendment of the United States Constitution.

56. Defendant Iannone committed a section 1983 malicious prosecution violating the Constitutional Rights guaranteed to Plaintiff Henry by fourth amendment and Fourteenth Amendment of the United States Constitution.

57. Defendant Iannone committed a state law claim for malicious prosecution violating the Constitutional Rights guaranteed to Plaintiff Henry by fourth amendment and Fourteenth Amendment of the United States Constitution.

58. Defendant Iannone committed False Imprisonment violating the Constitutional Rights guaranteed to Plaintiff Henry by the fourth amendment of the United States Constitution.

59. Defendant Iannone committed False Arrest violating the Constitutional Rights guaranteed to Plaintiff Henry by the fourth amendment of the United States Constitution.

60. Defendant Deacetis committed False Arrest violating the Constitutional Rights guaranteed to Plaintiff Henry by the fourth amendment of the United States Constitution.

61. Defendant City of Port St. Lucie committed False Imprisonment violating the Constitutional Rights guaranteed to Plaintiff Henry by the fourth amendment of the United States Constitution.

62. Defendant City of Port St. Lucie committed malicious prosecution violating the Constitutional Rights guaranteed to Plaintiff Henry by the fourth amendment and Fourteenth Amendment of the United States Constitution.

63. Defendant Merejo committed False Imprisonment violating the Constitutional Rights guaranteed to Plaintiff Henry by the fourth amendment of the United States Constitution.

64. Defendant Merejo committed malicious prosecution violating the Constitutional Rights guaranteed to Plaintiff Henry by the fourth amendment and Fourteenth Amendment of the United States Constitution.

## Count II
### Section 1983 Illegal Seizure Defendant Joseph Iannone, and Defendant Deacetis

65. Plaintiff Henry re-alleges and incorporates by reference paragraph 1 – 64.

66. Defendant Iannone was, at all times relevant hereto, a police officer employed by the City.

67. Defendant Iannone acted towards Plaintiff Henry under color of Statutes, ordinances, customs and usage of the State of Florida.

68. Defendant Iannone was utilizing his patrol vehicle owned by the City and acting in his capacity as a police officer of the City with full permission of the City to perform those actions.

69. Defendant Iannone encountered Plaintiff Henry by fabricating Probable Cause traffic stop for pulling behind plaintiff Henry vehicle.

70. In the roadside video that was provided, clearly shows plaintiff Henry vehicle is nowhere at the traffic signal on SE Veterans Memorial Parkway facing southbound in the northbound lane of SE Veterans Memorial Parkway, nor is plaintiff Henry vehicle nowhere in site in the video.

71. In the roadside video that was provided, Defendant Iannone tampered with evidence by blurring out plaintiff Henry face in the video so that no one could see that plaintiff Henry eyes was not blood shot red, nor droopy or watery.

72. In the roadside video that was provided, defendant Iannone asked plaintiff Henry did he have any problems with his knees, ankle, feet anything that can prevent plaintiff Henry doing the test, and plaintiff Henry advised

defendant Iannone that yes he did have a ankle injury, and that his brace is in his vehicle. Defendant Iannone disregarded plaintiff Henry injured ankle and ask plaintiff Henry you think you can still do it. Plaintiff Henry felt he was compelled to do the exercise or he would be locked up and answered by stating he will try.

73. In the roadside video that was provided, defendant Iannone asked plaintiff Henry how much you had to drink my man? Plaintiff Henry said just only one. Defendant Iannone then asked what else did you have? Plaintiff Henry answered nothing else. Defendant Iannone never asked plaintiff Henry exactly what was it he had to drink, like was it juice, alcohol, water?

74. Prior to the field sobriety exercises defendant Iannone stated in his Arrest Affidavit that plaintiff Henry advised him that he had a drink.

75. Defendant Iannone stated in his Arrest Affidavit that he found reasonable suspicion to believe "they" were under the influence of an intoxicating alcoholic beverage; when plaintiff Henry was the only occupant and never stated plaintiff Henry.

76. Defendant Iannone stated in his Arrest Affidavit that "Mr. Reis" was observed to stumble slightly and sway when walking away from the vehicle; and never stated plaintiff Henry.

77. Defendant Iannone stated in his Arrest Affidavit that "Mr. Grant" placed under arrest, handcuffed behind the back; and never stated plaintiff Henry.

78. Defendant Iannone stated in his Arrest Affidavit that He was requested a Lawful test of "their" breath, blood, or urine; and never stated plaintiff Henry.

79. Defendant stated in his Arrest Affidavit that he was read the "portion" of implied consent warning.

80. Despite the roadside video presenting that plaintiff Henry was not driving, and his vehicle was not stop at the

intersection of SE Veterans Memorial Parkway facing southbound in a northbound lane contradicted defendant Iannone probable cause for pulling behind plaintiff Henry, Defendant Iannone stated he issued a written warning for driving in the wrong lane.

81. Despite the roadside video presenting defendant Iannone blurred plaintiff Henry face out, that plaintiff Henry eyes was not blood shot red, droopy or watery, was speaking clearly, no slurred speech, was cooperative, never stated he drink alcohol, and advised he had a injured ankle, defendant Iannone arrested plaintiff Henry for DUI.

82. No legal ground or basis including probable cause existed for plaintiff Henry arrest for any charge.

## Count III
## Section 1983 Malicious Prosecution Defendant Iannone, defendant Deacetis, defendant Merejo, and the City of Port St. Lucie

83. Plaintiff Henry re-alleges and incorporates by reference paragraph 1 – 82.

84. In January 19, 2021 case was filed, Arrest Report – initiating case, and Arraignment was set for February 16, 2021. In February 15, 2022 plaintiff Henry selected jury and jury was sworn in, and trial began.

85. Defendant Iannone and Defendant Deacetis was the legal cause of the prosecution by fabricating evidence and probable cause, which resulted in the Prosecutor being presented with false and misleading evidence, and pursuing a prosecution.

86. In June 1, 2022 the District Court of Appeal granted plaintiff Henry Motion to Dismiss.

87. The roadside video presented that plaintiff Henry was not driving, and his vehicle was not stop at the intersection of SE Veterans Memorial Parkway facing southbound in a northbound lane contradicted defendant Iannone probable cause for pulling behind plaintiff Henry.

88. The roadside video presented defendant Iannone and defendant Deacetis blurred plaintiff Henry face out, that Henry eyes was not blood shot red, droopy or watery, was speaking clearly, no slurred speech, was cooperative, never stated he drink alcohol, and advised he had a injured ankle, contradicted defendant Iannone probable cause for DUI.

89. Defendant Iannone and defendant Deacetis was malice by fabricating evidence, fabricating Probable Cause, blurring plaintiff Henry face out the roadside video, and refusing to provide their Dashcam and Bodycam.

90. Defendant City of Port St. Lucie proximately cause the malicious prosecution by indirect procurement, and can be held liable for any tort committed by Defendant Iannone and Defendant Deacetis.

91. Defendant Merejo proximately cause the malicious prosecution by indirect procurement, and can be held liable for any tort committed by Defendant Iannone and Defendant Deacetis.

92. Plaintiff Henry re-alleges and incorporates by reference paragraph 44, of all injuries and damages suffered.

## Count IV
## Common Law Malicious Prosecution Defendant Iannone, Defendant Deacetis, Defendant Merejo, and Defendant City of Port St. Lucie

93. Plaintiff Henry re-alleges and incorporates by reference paragraph 1 – 92, and the same contentions alleged in Count III, which are the same in Count IV.

## Count V
## False Arrest Defendant Iannone, Defendant Deacetis, and, Defendant Merejo, and Defendant City of Port St. Lucie

94. Plaintiff Henry re-alleges and incorporates by reference paragraph 1 – 93.

95. Defendant Iannone and Defendant Deacetis falsified evidence against Plaintiff Henry.

96. Defendant Deacetis was at the scene at the very start of when Defendant Iannone was speaking to Plaintiff Henry and asked plaintiff Henry to step out the vehicle. Defendant Deacetis knew that defendant Iannone falsified evidence against Plaintiff Henry.

97. Defendant Iannone and defendant Deacetis blurred plaintiff Henry face out the roadside video, and refusing to provide their Dashcam and Bodycam.

98. Defendant Iannone Arrest Affidavit included recklessly or deliberately false statements.

99. Defendant Iannone and Defendant Deacetis unreasonably disregarded certain pieces of evidence that was offered to them by plaintiff Henry.

100. Defendant Iannone and Defendant Deacetis ignored the facts within their knowledge that plaintiff Henry just awoke from a sleep, was tired, wore contacts, had a injured ankle, never stated he drink alcohol, his vehicle was on the grass shoulder away from the pave road, his speech was not slurred, and Henry was cooperative

101. Failed to conduct a reasonable investigation.

102. The roadside video presented that plaintiff Henry was not driving, and his vehicle was not stop at the intersection of SE Veterans Memorial Parkway facing southbound in a northbound lane contradicted defendant Iannone probable cause for pulling behind plaintiff Henry.

103. Defendant Merejo proximately cause the false arrest by indirect procurement, and can be held liable for any tort committed by Defendant Iannone and Defendant Deacetis.

104. Defendant City of Port St. Lucie proximately cause the false arrest by indirect procurement, and can be held liable for any tort committed by Defendant Iannone and Defendant Deacetis.

## Count VI
**False Imprisonment Defendant City of Port St. Lucie, and Defendant Merejo**

105. Plaintiff Henry re-alleges and incorporates by reference paragraph 1 – 104.

106. Defendant, the City of Port St. Lucie, and Defendant Merejo did not have probable cause to continue detaining Plaintiff Henry twelve (12) months and a couple weeks over the six (6) months statutory maximum for DUI.

107. It was unreasonable and unwarranted to continue to detain plaintiff Henry over the six (6) months statutory maximum of DUI.

108. Probable Cause evaporated after the six (6) months statutory maximum for DUI expired.

109. Violating plaintiff rights under the eighth amendment causing cruel and unusual punishment by continuing to incarcerate Plaintiff Henry beyond the six (6) months statutory maximum for DUI.

110. Violating plaintiff Henry rights under the Fourteenth Amendment by depriving plaintiff Henry of life, liberty, or property, without due process of law.

**Relief Requested**

WHEREFORE, Plaintiff respectfully requests this Court:

a) Compensatory damages in their official capacity and individual capacity for all past and future economic losses and expenses incurred by plaintiff Henry as a result of the Defendant's misconduct;
b) General damages in their official capacity and individual capacity for all past and future physical pain, mental suffering, and emotional distress suffered by plaintiff and his child;
c) Punitive damages in their official capacity and individual capacity to the fullest extent permitted by law;
d) Pre-judgment and Post- judgment;
e) Declare that the defendant's acts, taken in their official capacities, as alleged above, violate the Fourth Amendment, eighth amendment, Fourteenth Amendment to the United States Constitution;
f) Declare that the defendant's acts, taken in their individual capacities, as alleged above, violate the Fourth Amendment, eighth amendment, Fourteenth Amendment to the United States Constitution;
g) Immediately suspend Defendant Iannone and Defendant Deacetis employment relationship with the Port St. Lucie Police Department for 6 months without pay;
h) Enjoin Defendant Iannone and Defendant Deacetis from engaging in hiring practices that result in the hiring of police officers without proper vetting or review;
i) Order the Defendant's to adopt and implement policies, training, accountability systems, and practices to remedy the Constitutional and statutory violations described herein;
j) Plaintiff Henry will seek his attorneys' fees and costs under 42 U.S.C. § 1988 if and when they prevail;
k) Grant to plaintiff such other and further specific and general relief as may become apparent from discovery as this matter matures for trial, including but not limited to appropriate injunctive relief.

**II.   Jury Demand**
x Yes, Plaintiff, Nelson Henry is Demanding a jury trial

Signed this _26_ day of _June_, 2023

_Nelson Henry_
Signature of Plaintiff

I declare under penalty of perjury that the foregoing is truce and correct.
Executed on: _June 26, 2023_

_Nelson Henry_
Signature of Plaintiff