UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-14197-Cannon/McCabe

NELSON HENRY,

    Plaintiff,

v.

JOSEPH IANNONE, et al.,

    Defendant.

_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Defendants' Motion to Dismiss ("Motion") (DE 24), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 26). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **DENIED.**

This is a pro se civil rights case pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on July 5, 2023, alleging six counts (DE 1). On July 6, 2023, the District Court dismissed the complaint as an impermissible shotgun pleading but gave Plaintiff the opportunity to file an amended complaint by July 21, 2023 (DE 5 ¶ 2). The District Court warned Plaintiff that "[f]ailure to file a timely motion for leave to file amended complaint with an attached amended complaint that is fully compliant with this order will result in dismissal of the case for failure to prosecute or failure to comply with court orders" (DE 5 ¶ 3).

Within the timeframe allotted, on July 17, 2023, Plaintiff filed an amended complaint, but did not file an accompanying motion for leave to file the amended complaint (DE 7). On the same day, Plaintiff also filed a motion for leave to proceed in forma pauperis (DE 8). On July 19, 2023,

the District Court granted the motion for leave to proceed in forma pauperis and instructed the United States Marshals to serve Defendants with Plaintiff's amended complaint (DE 13).

On September 24, 2023, Defendants filed the instant Motion, seeking dismissal of the original complaint, not the amended complaint (DE 24).  Defendants take the position that the original complaint remains the only operative pleading because Plaintiff failed to comply with the District Court's Order to accompany his amended complaint with a motion for leave to file same (DE 27 at 2-3).  The Court disagrees.  Pro se litigants must be afforded liberal treatment due to their lack of legal training.  The District Court – by granting Plaintiff's motion for leave to proceed in forma pauperis and ordering service of his amended complaint – excused Plaintiff's technical failure to accompany his amended complaint with a motion for leave to file same.

As such, the amended complaint should be regarded as the operative pleading now before the Court.  The pending Motion, which pertains only to the original complaint, addresses the wrong pleading and should be **DENIED** without prejudice to refile a renewed Motion addressed to the amended complaint.

For the reasons stated above, the undersigned **RECOMMENDS** as follows:

1. The amended complaint (DE 7) should be the operative complaint in this case.

2. Defendants' Motion (DE 24) should be **DENIED** in light of the amended complaint.

3. Defendants should be permitted to respond to the amended complaint **within ten (10) days of the District Court's ruling on this Report and Recommendation.**

### NOTICE OF RIGHT TO OBJECT

The parties shall have **seven (7) days** from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States

District Judge Aileen M. Cannon.[1]  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 8th day of November 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc: counsel of record; Plaintiff, *pro se*.

---

[1] The undersigned has shortened the time for objections because the parties agree that the instant Motion seeks to dismiss the complaint and not the amended complaint.