UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DISTRICT

CASE NO. 23-CV-14197-AMC
HONORABLE ALIEEN CANNON

NELSON HENRY,
Plaintiff,

v.

JOSEPH IANNONE, JAMES DEACETIS,
JESUS MEREJO, CITY OF PORT ST. LUCIE,
_____/

## **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

COME NOW, Defendants, THE CITY OF PORT ST. LUCIE (hereinafter "CITY"), JOSEPH IANNONE (hereinafter "IANNONE"), JAMES DEACETIS (hereinafter "DEACETIS"), and JESUS MEREJO ("hereinafter "MEREJO") (all jointly, "DEFENDANTS") by and through undersigned counsel pursuant to Fed. R. Civ. P. 12(b) (6) and S.D. Fla. L.R. 7. l (a) (l) and file this Motion to Dismiss the Second Amended Complaint based on the Plaintiff's lack of compliance with the conditions precedent in *Fla. Stat. §768.28* and failure to state a claim upon which relief can be granted, the CITY and MEREJO's entitlement to immunity from Nelson Henry's ("Plaintiff") claims on the basis of sovereign immunity, and IANNONE and DEACITIS entitlement to qualified immunity. In Support thereof Defendant states the following:

1

## <u>INTRODUCTION</u>

1. Plaintiff filed this lawsuit against the DEFENDANTS. The Complaint brings claims against each DEFENDANT in their official capacities and in their individual capacities pursuant to 42 U.S.C. § 1983 and Florida law, including claims of negligence.

2. As a procedural prerequisite to bringing such claims against a state municipality or agency, one must comply with the notice and denial requirements of *Fla Stat.* 768.28[1]. Plaintiff has failed to plead his proper compliance with the statute and the Complaint must be denied on that ground.

3. Even if Plaintiff had made a specific allegation of compliance, he cannot state a claim against these DEFENDANTS. Despite a voluminous attempt to perfect his allegations against the DEFENDANTS, Plaintiff remains unable to plead specific facts pertaining to the DEFEDANT, CITY, or any of its employees sufficient to find that they were negligent, let alone acted with a wanton, reckless, disregard.

4. Further a § 1983 claim may not be brought against a state entity in Federal Court. *See Will v. Michigan Department of State Police*, 401 U.S. 58 (1989).

5. Defendants are all entitled to immunity from plaintiff's claims both on the state and federal level.

6. Plaintiff also plead the Complaint in a "shotgun" pleading style.

_____

[1] It should be noted that the Civil Cover Sheet in this case filed by Plaintiff lists damages in the amount of $980,000; however, compensatory damages are limited to $200,000 pursuant to *Fla Stat. 768.28. See also, Evanston Ins. Co. v. City of Homestead, 563 So. 2d 755, 758 (Fla. Dist. Ct. App. 1990)* (finding that the maximum amount of recovery is an absolute limit to a city government's liability, including damages, costs, and post judgment interest). Plaintiff also seeks additional relief in the form of Pre-Judgement Costs, damages in the DEEFNDANT's individual and official capacities, declarative relief, employment suspensions, and a court order requiring the DEFENDANT's institution of new policies and implementation of said policies, all of which are each individually and uniquely improper for this court to award. *See Ex. 1, pg. 17-18, "Relief Requested, (a) – (k)*. Furthermore, a municipality is immune from liability for punitive damages under the federal civil rights statute, § 1983. 42 U.S.C.A. § 1983. *S. All. Corp. v. City of Winter Haven*, 505 So. 2d 489 (Fla. Dist. Ct. App. 1987).

7. Plaintiff should not be permitted leave to amend the Second Amended Complaint again as he cannot overcome these procedural errors or establish any set of facts which could state to a claim against these DEFENDANTS.

## **MEMORANDUM OF LAW**

8. Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required but the Rule does require that the complaint contain sufficient factual matter "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 666 (2009). Legal conclusions may be provided in the Complaint's framework but they must be supported by factual allegations. *Id.* Mere legal conclusions will not be entitled to the presumption of truth. *Id.* A plaintiff's obligation to provide the grounds of his entitlement to relief require "more than labels and conclusions, and a formulaic recitation of the cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007). The pleading must contain something more than "a statement of facts that merely creates a suspicion of a legally cognizable right of action." *Id.* If the plaintiff has "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Watts v. FIU,* 495 F.3d 1289 (11th Cir. 2007).  The Court's inquiry at this stage is to determine whether the pleadings give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).

**I.** **PLAINTIFF FAILED TO COMPLY WITH FL. STAT. §768.28 IN BRINGING SUIT AGAINST A STATE MUNICIPALITY, AGENCY, OR SUBDIVISION.**

3

9. The plaintiff makes conclusory allegations that employees of the DEFENDANTS acted in bad faith, and that such actions resulted in his emotional distress, physical pain, humiliation as well as a monetary loss to him. Without plainly stating there is an amount in controversy, Plaintiff further alleges that said bad faith caused him to incur "injury and damages" for which he is seeking compensatory relief. *See D.E. 39 at pg 11-12, para. 51*. At its root, this is a claim for damages under which Plaintiff is required to file in state court and which the CITY and MEREJO in their official capacities are sovereignly immune from liability.

10. More importantly however, to bring a claim of negligence against a state municipality, agency or subdivision certain prerequisites must be complied with. Here, Plaintiff failed to comply with the statutory prerequisites under *Fla. Stat. §768.28*. Under subsection (6) (a) an "action may not be instituted on a claim against [the City of Port St. Lucie and MEREJO in his official capacity][2] unless the claimant presents the claim in writing to the appropriate agency within three years after such claim accrues . . . **and such claim is denied** [emphasis added]." *Id*.

11. Furthermore, "the requirements of notice to the agency and denial of the claim . . . are conditions precedent to maintaining an action". *Id*; *See Broward County School Board v. Joseph*, 756 So. 2d 1077 (Fla. 4th DCA 2000). A Complaint also must contain a specific allegation that such notice was provided and that all conditions precedent under *Fl. Stat. 768.28* have been satisfied. *See Levine v. Dade County School Bd.,* 442 So. 2d 210 (Fla. 1983). If the Complaint fails to allege that notice and denial have occurred, the Complaint fails to state a cause of action. *See Menendez v. North Broward Hosp. Dist.*, 537 So. 2d

---

[2] The City of Port St. Lucie is a municipality that is deemed a state agency or subdivision under *Fla. Stat. §768.28(2)* and Jesus Merejo in his official capacity as the CITY manager is also a recognized as the head of a state agency or subdivision under *Fla. Stat. §768.28(2)*.

89 (Fla. 1988); *See also, Fletcher v. City of Miami,* 587 F. Supp. 2d 1389 (S.D. Fla. 2008) (Complaint must contain an allegation that notice was given in order to satisfy the notice requirements and condition precedent to bringing suit against a state agency); *See also, Scullock v. Gee,* 161 So. 3d 421 (Fla. 2d DCA 2014) (if compliance with condition precedent of notice in writing to the appropriate agency is not alleged in the Complaint then the Complaint should be dismissed).

12. Even viewing the Second Amended Complaint in the light most favorable to the non-moving party, one could construe that Plaintiff's Second Amended Complaint attempts to allege compliance with all conditions precedent under *Fla. Stat. §768.28. See D.E. 39 at pg 10, para. 48.* Still, he falls short as he failed to allege that denial was obtained.

13. Plaintiff must allege *with specificity* that they properly notified the appropriate state agency and obtained a denial, **either expressly in writing or impliedly after the expiration of six months**.

14. Here, plaintiff alleges a general allegation that he mailed "NOTICE TO BRING LAWSUIT" however he did not specify that he obtained a denial. *See D.E. 39 at pg 10, para. 48.* As such, his attempt is insufficient.

15. In fact, plaintiff alleges that proper notice was only sent to the Department of Financial Services on December 11, 2023 via certified mail; to the CITY on December 15, 2023 via certified mail, and to DEFENDANTS, DEACETIS and IANNONE on December 15, 2023 via mail. *Id.*

16. DEFENDANTS, DEACETIS and IANNONE still contest that they received proper notice via certified mail for claims brought against them in their official capacities.

5

17. Furthermore, plaintiff has not alleged hat he obtained a denial in writing because a denial of his claims has not been issued to him. Given that plaintiff has not obtained a denial in writing, and that it has not been six months since plaintiff made proper notice to DFS and the CITY, plaintiff's claims are not yet ripe.

18. The purpose of notice is to provide the DEFENDANTS with sufficient time and information to be able to make an assessment of plaintiff's claims and resolve them where they find it is merited. This is all in an attempt to avoid flooding the courts with claims that could have been resolved pre-suit.

19. Plaintiff has failed to plead conditions precedent under *Fla. Stat. §768.28* for there to be a waiver of sovereign immunity.

20. Therefore, DEFENDANTS are immune from suit for the claims plaintiff has brought. As such, this court should dismiss the Complaint for failure to state a cause of action.

II.   *PLAINTIFF CANNOT STATE A CLAIM AGAINST THE DEFENDANTS UNDER 42 U.S.C. §1983.*

   A. **Defendants, CITY and MEREJO are Immune from Plaintiff's Claims Under *Eleventh Amendment Immunity.***

21. The United States Supreme Court first held that a state agency may not be found liable under § 1983 in *Will v. Michigan Department of State Police,* 401 U.S. 58 (1989). In that case, the plaintiff filed a § 1983 claim against the State of Michigan in state court. The court had to consider whether § 1983 claims could be actionable against a state because the Eleventh Amendment does not apply to cases filed in state court. The Supreme Court examined the intent of § 1983 and determined the scope of § 1983 does not extend to state. *Id*. at 66. This is because Eleventh Amendment immunity bars the state from such

suits and the state is not a person as defined in § 1983. *Id.* at 71.[3] The Supreme Court found that in passing § 1983 Congress had not intended to disturb a State's right to Eleventh Amendment immunity as to alter the balance of powers between state and federal courts.

22. Courts in the Eleventh Circuit have repeatedly affirmed dismissal of § 1983 claims against state entities due to lack of § 1983 personhood. *See, Wells v. Columbus Tech College,* 510 F.App'x. 893 (11th Cir. 2013)(affirming dismissal of § 1983 claim against State for lack of § 1983 personhood); *Tindol v. Alabama Dep't of Revenue,* 632 F. App'x 1000 (11th Cir. 2015)(affirming dismissal of § 1983 claim against state for lack of personhood and Eleventh Amendment immunity and citing cases); *Simmons v. Conger,* 86 F.3d 1080 (11th Cir 1996);  *Henry v. Florida Bar,* 701 F. App'x 878 (11th Cir. 2017); *Smith v. Deal,* No. 18-13424, 2019WL378586 * 2 (11th Cir. Jan 30, 2019)("And State agencies are not subject to suit under § 1983"); *Moody v. City of Delray Beach,* 609 F. App'x. 966, 968 (11th Cir. 2015)("No § 1983 claim can be properly plead against a state"); *McGinley v. Florida Dept. of Highway Safety and Motor Vehicles,* 458 F. App'x 754 (11th Cir. 2011)("But a state or a state agency is not a "person" against whom a § 1983 claim may be brought."); *VanBenthuysen v. State,* 427 F. App'x 864, 866 (11th Cir. 2011)(finding that the State of Florida is not a proper defendant in a § 1983 action). Further, A State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts, and '[t]hus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's

---

[3] Further, a State's right to Eleventh Amendment immunity may be raised at any point in the proceeding and even for the first time on appeal. *Florida Dept. of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 102 S.Ct. 3304, 3314 n.18 (1982); *Doe v. Moore,* 410 F. 3d 1337, 1349 (11th Cir. 2005).

intention to subject itself to suit in *federal court*.'" *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305–06 (1990).

23. The district court must dismiss the § 1983 claims against CITY and MEREJO. These claims are considered claims against the state for purposes of § 1983. The CITY is a municipality of the State of Florida, as well as MEREJO in his official capacity as the city manager, and as such they act as an arm of the State of Florida. *Svet v. Florida Department of Juvenile Justice,* No. 2:11-cv-394-Ftm-29SPC, 2012WL5188036 (M.D. Fla. Oct. 19, 2012). As such the CITY and MEREJO are not persons for the purposes of a § 1983 action. They are also entitled to Eleventh Amendment immunity. Any opportunity provided to plaintiff to replead his causes of action would prove futile. All claims against the CITY and MEREJO must be dismissed with prejudice.

## B. Defendants, IANNONE and DEACETIS are Immune from Plaintiff's Claims Under *Qualified Immunity.*

24. A qualified immunity defense may be resolved on a motion to dismiss where the facts supporting the defense are clear from the complaint. *Town of Sw. Ranches v. Kalam*, 980 So. 2d 1121 (Fla. Dist. Ct. App. 2008).

25. Under qualified immunity, suits against government officials are barred absent a violation of a "clearly established" statutory or constitutional right. See *Pearson v. Callahan*, 555 U.S. 223 (2009). When determining whether a clearly established right has been violated, courts determine whether a reasonable official would have known that the defendants conduct violated the plaintiff's rights. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982); See also, *Town of Sw. Ranches v. Kalam*, 980 So. 2d 1121 (Fla. 4th DCA 2008) (stating that "[a] clearly established right, such that its violation by a government actor can defeat

8

a claim of qualified immunity in a § 1983 action, is one that must have been earlier developed in case law in such a concrete and factually defined context as to make it obvious to all reasonable government actors that what the defendant was doing violates federal law.")

26. The reasoning behind qualified immunity was expressed by the Supreme Court, who reasoned that "the need to protect officials who are required to exercise discretion and the related public interest in encouraging the vigorous exercise of official authority." *Id*.

27. A two-part test is used to determine whether qualified immunity applies to shield a government actor from personal liability; first, the defendant must show that he performed the acts as part of a discretionary government function; the burden then shifts to the plaintiff to prove that the defendant's conduct violated clearly established statutory or constitutional rights. Harris v. G.K., 187 So. 3d 871 (Fla. 3rd DCA 2016).

28. For the reasons discussed below, Defendant's Iannone and Deacetis are both shielded as government actors from personal liability because they performed the acts of arresting plaintiff as part of a discretionary government function.

29. Furthermore, as a preliminary matter, there are no specific facts alleged regarding the deliberate actions taken by DEFENDANT DEACETIS. He is alleged to have participated by failing to stop DEFENDANT IANNONE from allegedly violating plaintiff's rights. There has been no violations of plaintiff's rights by any DEFENDANT for the reasons stated in this motion. Plaintiff has had multiple attempts to cure the defects of his original Complaint and had remained unable to state facts specific to the conduct of DEFENDANT DEACETIS and as such all claims against him should be accordingly dismissed.

30. Even if the facts as pled were sufficient to establish deliberate actions of DEFENDANT DEACETIS, none of them rise to the level of recklessness, or bad faith required to cause a violation of plaintiff's rights.

31. Here, Plaintiff laid out the facts of this case in extraordinary detail; nowhere therein do the facts alleged rise to the level that a reasonable official would deem the plaintiff's rights have been violated.

32. Plaintiff doesn't allege that any excessive use of force was used against him during his detainment or arrest. Plaintiff provides no facts to support he was under any duress to comply with roadside exercises. Other than typos, and poor documenting and editing, plaintiff provides no facts to support that IANNONE fabricated any statements to support probable cause.

33. In support of his argument on fabrication, plaintiff states that he told IANNONE he had "just only one" drink after being asked by IANNONE if he had anything to drink that night. *See D.E. 39 at para. 33.* Plaintiff contends that IANNONE reported the communications between them to mean that "just only one" drink was an alcoholic beverage. Given the circumstances, any reasonable officer would have thought the same and would not have known that thinking or reporting otherwise was an obvious violation of plaintiff's constitutional right.

34. As it relates to plaintiff having been woken up in the driver seat of his vehicle, even taking plaintiff's contentions as true, he alleges he was pulled over on the side of the road asleep in the driver seat of his vehicle. *See D.E. 39 at para. 7, 8, and 11.* Any reasonable officer would have stopped to address him, either by means of a welfare check as a community caretaker with genuine concerns for his wellbeing, or as an officer who has

reason to believe that a crime is afoot (driving under the influence under the theory of "actual physical control"). Moreover, no officer would have known that responding to what they observed would have been a violation of plaintiff's constitutional rights.

35. Welfare checks fall under the community caretaking doctrine, an exception to the Fourth Amendment's search warrant requirement, which recognizes the duty of police officers to ensure the safety and welfare of the citizenry at large. *Taylor v. State,* 326 So. 3d 115 (Fla. 1st DCA 2021).

36. Absent a wellness check, a reasonable officer could also have reason to believe the plaintiff was committing a crime; namely driving under the influence (DUI). There are two theories the support a conviction for DUI; one stems from actually driving a vehicle, the other stems from being in actual physical control of a vehicle. The crime of driving under the influence does not require that a vehicle be in motion or that an individual be awake. In fact, the fact pattern of an individual asleep at the wheel with keys in their vicinity gives rise to the common theory of "actual physical control" to support a conviction for DUI. Therefore, even if the officers detained him to investigate a possible DUI, they did so reasonably and lawfully.

37. Any allegation that plaintiff felt under duress during the stop, seizure and DUI investigation is unfounded in his statement of the facts. In compliance with department policy, IANNONE ask plaintiff is he had any physical ailments that would prevent him from performing the roadside exercises. *See D.E. 39 at para. 32.*  Plaintiff contends that he informed IANNONE that he had a bad ankle and had an ankle brace in the car. *Id.* After being made aware of plaintiff's ankle IANNONE asked if plaintiff felt he could still perform the exercises. *Id.* Plaintiff claims that he performed roadside exercises because

11

he "felt he was compelled to do it or he would be locked up and answered by stating he will try". *Id.* Yet, nowhere in his complaint does plaintiff allege that the officers made any such allegation, or that the conditions were so hostile such that he was under duress. Again, no reasonable officer would have known that asking if he felt he could still perform the exercises would amount to an obvious violation of plaintiff's clearly established rights.

38. As for his arrest, plaintiff describes a routine and customary DUI investigation that in the totality, lead to probable cause to arrest him. He was found asleep in the driver seat of his vehicle on a public road. Notwithstanding that plaintiff admitted to having at least a drink that night, his physical demeanor was described to be consistent with that of an individual whose normal faculties are impaired to the extent that they are unable to operate machinery. Any reasonable officer would have responded the same and conducted the arrest of plaintiff.

### C. Plaintiff Failed to Plead a Valid Cause of Action Pursuant to 42 U.S.C.A. § 1983.

39. Under Count I of the Amended Complaint plaintiff has brought its only federal claim: Section 1983 Illegal Seizure claims against IANNONE and DEACITIS.

40. In order to sustain claim under § 1983, a plaintiff must satisfy the following requirements: (1) conduct at issue was performed under color of state law; (2) conduct caused deprivation of constitutional rights; and (3) the deprivation occurred without due process of law. *42 U.S.C.A. § 1983*. See also, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

41. Plaintiff's attempts to bring a federal claim under 42 U.S.C.A. § 1983 of Illegal Arrest and Seizure, however his attempt falls far below pleading standards. Complaints based on civil rights statutes must include specific allegations of facts showing violation of rights "instead of a litany of general conclusions that shock but have no meaning." *X-Men Sec., Inc. v. Pataki*, E.D.N.Y. 1997, 983 on reconsideration, reversed 196 F.3d 56.

42. Individual liability must be based on intentional violations of, or deliberate indifference to, the clearly established rights of an individual. *Harris v. G.K.,* 187 So. 3d 871, 874 (Fla. 3rd DCA 2016). Mere negligence or carelessness does not establish personal liability as to the individual state employee. *Id.*; *see also Ray v. Foltz,* 370 F.3d 1079 (11th Cir. 2004).

43. Qualified immunity protects the IANNONE and DEACITIS in this case from all but clear incompetence and knowing violations of the law. It would protect them even to the extent that they acted reasonably but mistakenly.

44. In *Malley v. Briggs,* 457 U.S. 335 (1986) the Supreme Court examined immunity for police officers with regard to acting on the basis of a faulty warrant. The Court held that qualified immunity does not apply to a police officer when the officer wrongfully arrests someone based on a warrant, if the officer who could not reasonably believe that there was probable cause for the warrant. Reasonability is determined by the action that an objectively reasonable officer would take. *See also*, *Anderson v. Creighton*, 483 U.S. 635 (1987).

45. In stark contrast, the 4th District Court of Appeals in *Butler v. Dowling* found that a fact scenario involving an officer arresting a person without even arguable probable cause and handcuffing him in a manner that injures him after being made aware of his poor physical

condition and pulling him out of a police car and beating him constitutes a civil rights violation. This is an example of the gravity of egregious intentional behavior that is required to support a federal civil rights claim.

46. The right to be free from unlawful arrest and imprisonment is a protected right under the Fourth and Fourteenth Amendments, a violation of which may form the basis for a § 1983 claim. *Barton Protective Servs., Inc. v. Faber*, 745 So. 2d 968 (Fla. 4th DCA 1999).

47. Under the Fourth Amendment probable cause justifies an arrest. U.S. Const. Amend. 4.

48. Plaintiff alleges that IANNONE and DEACITES, as employees working in their capacity as officers under color of state law acted in bad faith and deprived him of rights by falsely arresting him and illegally detaining him against his will. Yet, he merely recites facts that don't rise to the level of gross, willful, wanton, or reckless as required by Federal law to bring a *§ 1983* claim.

49. Further, plaintiff cites to facts without applying the law to the facts. On his own admission, plaintiff was extremely tired when he made the decision to put his vehicle in park and take a nap in his driver seat. *See D.E. 39 at para. 7.* He further alleges that upon informing Det. Iannone that he had been at a friend's performance that night and later pulled over on his way home to sleep because he was tired from excessive working hours. *See D.E. 39 at para. 17*. He continues stating that officers claim they conducted the DUI investigation because of his bloodshot, watery eyes, and an order or alcohol emitting from him, notwithstanding his slow and deliberate hand movements and having been asleep in the driver seat of his vehicle with the keys in his immediate control or possession. *See D.E. 39 at para. 14, 15, 20*. He then states that he agreed to participate in the investigation and exited his vehicle. *See, Ex. 1 at ¶.22*. During the interaction, Det.

Iannone's body worn camera footage shows the Detective ask plaintiff "how many you had to drink my man?", and plaintiff replied, "just only one". *See D.E. 39 at para. 33*. Finally, plaintiff provides that based on his performance of the roadside exercises coupled with the officer's observations of him, probable cause for DUI was found. *See D.E. 39 at para. 25*.

50. **At his first appearance, probable cause was found, and a bond was set for his release.** *That bond was posted in the amount of $500. See D.E. 39 at para. 36*.

51. Plaintiff thereafter had an Arraignment where his counsel had the opportunity to argue lack of probable cause to convert his bond status to being released on his own recognizance. No allegation of such efforts is indicated in the Amended Complaint.

52. Plaintiff's bond was ultimately revoked by the court for a violation of his conditions of release on bond. *See D.E. 39 at para. 38.*

53. Plaintiff's motion to suppress certain evidence was "not denied". *See D.E. 39 at para. 40*.

54. Plaintiff's case went to trial and a jury was sworn in. *See D.E. 39 at para. 41.*

55. A mistrial was later entered during his jury trial. *See D.E. 39 at para. 42.*

56. Plaintiffs case was finally dismissed at the appellate level on procedural grounds. *See D.E. 39 at para. 42, 43. 47*. The actual DUI was never adjudicated on the merits.

57. While Plaintiff's case was not dismissed by the court on substantive grounds surrounding the DUI, nor was he acquitted of the crime by a jury. Plaintiff was afforded due process and no violation of rights occurred pursuant to this detainment and arrest.

58. Plaintiff additionally makes much to do about Det. Iannone's scrivener's errors, typos, and poor attention to documentation of the incident in his arrest affidavit, but that

behavior does not rise to the level of egregious behavior that would violate his civil rights.

59. Plaintiff can certainly establish element 1 of the analysis because Det. Iannone and Det. Deacetis were most definitely acting within the scope of their employment during their entire interaction with plaintiff.

60. Notwithstanding all of the above, the place to challenge the validity of evidence, such an alleged fabricated arrest affidavit, or a doctored video, is via means of motions to suppress in a trial court and they are surely issues that a criminal defense would have crossed examined the officer on. Similarly, and allegation that the field sobriety exercises were conducted improperly are matters on which the criminal defense could have cross examined the officer on. Plaintiff has presented no supporting facts that Det. Iannone or Det. Deacetis were investigated by the police accountability units at the State Attorney's Office, nor that an internal investigation was commenced against either of them for any fabrication or tampering.

61. Plaintiff's case endured from arrest to post trial hearings. A probable cause hearing occurs within hours of arrest and is heard by a neutral arbiter. A motion to suppress is also heard by a neutral arbiter and a first appearance judge will not be the same judge ultimately assigned to the case. It cannot be stated from the facts even taken as true, that officers violated plaintiff's civil rights, nor can it be said that due process has not been afforded to the Plaintiff when the various checks and balances in the criminal justice system have stood as checkpoints of fairness and justice throughout the pendency of his criminal case.

16

62. Because plaintiff has failed to meet elements 2 and 3 to bring a proper civil rights clam against DEFENDANTS, he has fallen short of stating valid cause of action and DEFENDANTS are immune from liability for his claims. As such, the Amended Complaint should be denied and any opportunity to replead will be futile and will not result in a valid cause of action against these defendants.

III.   *PLAINTIFF   FAILED   TO   PLEAD   A   VALID   CAUSE   OF   ACTION   AGAINST DEFENDANTS PURSUANT TO FLORIDA LAW.*
   *A.* **Defendant's CITY and MEREJO are immune from Plaintiff's claims under** *Fla. Stat. 768.28.*

63. Plaintiff brings claims against DEFENDANTS, CITY and MEREJO under Count III (False Arrest) and Count IV (Malicious Prosecution) of his Second Amended Complaint.

64. The legal sufficiency of Plaintiff's Complaint is not construed solely by the labels used by Plaintiff, rather, the Court looks to the facts pled in the Complaint in order to determine whether Plaintiff has stated a cause of action. *See e.g. Vance v. Okaloosa-Walton Urology, P.A.*, 228 So. 3d 1119, 1200 (Fla. 1st DCA 2017)("[c]ourts must look beyond the legal lables… and must apply the law to the well-pleaded factual allegations and decide the legal issue of whether the complaint…" states a cause of action).

65. While Plaintiff pleads numerous allegations such as a violation of civil or constitutional rights[4], the Court should look beyond these labels to the factual basis of the Plaintiff's Complaint. In reviewing the facts as pled against the DEFENDANTS, the Complaint

---

[4] A government entity cannot be held vicariously liable for civil rights violations alleged to be committed by its employees. *Monell v. Dep't of Social Serv's*, 436 U.S. 658, 691 (1978). If Plaintiff is attempting to plead a civil rights violation against thew Defendant, he falls far below the pleading requirement mandated by *Monell*.

attempts to bring a claim in tort against the CITY and MEREJO in his official capacity as the city manager regarding the manner in which its law enforcement officers handed his criminal DUI investigation. Neither CITY nor MEREJO, however, have waived sovereign immunity for its employees' discretionary decisions.

66. Section 768.28(1) provides a limited waiver of sovereign immunity for liability in torts. Section 768.28, however, only waives liability for the negligence or wrongful act or omission of state actors under certain circumstances. *Id.* at *§ 768.28(1) Fla. Stat*. An agency has only waived liability for actions "***under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant***." *Id.* (emphasis added). Further, the CITY is not liable for any actions taken by his deputies with bad faith or malicious purpose. *Fla. Stat. § 768.28(9)(a)*.

67. In order for a governmental agency to be held liable in tort, there must be an underlying duty of care with respect to the alleged negligent conduct. *Trianon Park Condo. Ass'n. Inc. v. City of Hialeah*, 468 So. 2d 912, 917 (Fla. 1985). The CITY does not have a duty to prevent the misconduct of third parties nor to enforce the law for the benefit of an individual. *Id.; Sharrad v. State*, 998 So. 2d1188, 1189 (Fla. 4th DCA 2009) ("the decision as to whether to arrest an offender is one that is covered by governmental immunity, a concept which derives from the separation of powers.").

68. While it is well settled law that an officer or employee of a state agency or subdivision is not personally liable for their actions when done in the course and scope of their employment, there exists one exception. *Fl. Stat 768.28(9)(a)*. The only exception is if the actions of the employee/officer are in bad faith or "with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property". *Id.;*

18

*See also Bryant v. Duval County Hosp. Authority*, 459 So. 2d 1154 (Fla. 1st DCA 1984) (holding that a state employee is personally liable only for actions outside the scope of their employment or for actions in bad faith, with malice or without willful and wanton disregard of human rights, safety, or property).

69. For federal suits, the Eleventh Amendment states, in relevant part, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  A non-consenting State is immune from suits brought in federal courts. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).

70. The proper party for a Plaintiff to bring an action against an officer or employee of a state agency whose actions are alleged to have been made in bad faith is against the individual employee themselves.

71. In context of Florida statute pertaining to waiver of sovereign immunity from tort actions, there is a sharp distinction between subjective bad faith, as exception to waiver, and objective unconstitutionality. *Dunn v. City of Boynton Beach*, 192 F. Supp. 3d 1310 (S.D. Fla. 2016). In that case the court found that the arrestee's allegations that a city police officer acted "in the absence of lawful authority" and "in the absence of reasonable suspicion" of criminal activity in making arrest did not state, or even imply, that officer acted in bad faith, as would trigger exception to city's waiver of sovereign immunity from tort actions under Florida's law. *Id* at 1325. Further, in context of the bad faith exception to the waiver of sovereign immunity under Florida law, an arrest without probable cause is, by definition, committed in the absence of lawful authority and in the absence of

reasonable suspicion of criminal activity; it does not follow that every arrest lacking probable cause is made in bad faith. *Id*.

72. In this case, Plaintiff has sued the CITY and MEREJO claiming that their Law Enforcement employees falsely arrested him and maliciously prosecuted him. Despite his depiction of a garden variety DUI investigation, Plaintiff goes as far as to claim DEFENDANT's made-up facts in the arrest report and fabricated evidence by blurring out body worn camera footage of the roadside exercises. Even if Plaintiff were to allege that the CITY's employees did not properly investigate the crime in a manner in which Plaintiff agrees with, this does not rise to a cause of action for which the CITY nor MOREJO can be held liable.

73. Simply because Plaintiff is disgruntled with the way his investigation was handled or believes the investigation could have been performed differently, does not entitle Plaintiff to damages against the CITY or MEREJO. These Defendants are immune from suit and the Complaint must be dismissed with prejudice.

**B.  Plaintiff has failed to bring a valid cause of action against Defendant's IANNONE and DEACETIS.**

74. Plaintiff brings claims against DEFENDANTS, IANNONE and DEACETIS in Count II (Common Law Malicious Prosecution), Count III (False Arrest), Count V (Outrageous Conduct Causing Emotional Distress).

75. Plaintiff has failed to allege facts sufficient to rise to the level of bad faith or malice that would establish a valid cause of action against them, even if he pled his claims against them in their individual capacities.

20

76. As previously stated, plaintiff alleges a routine, garden variety DUI investigation that resulted in his arrest. He makes allegations that the body worn camera footage capturing the DUI investigation was doctored, yet he offers no proof that DEFENDANTS were responsible for the quality of the video, nor that they maliciously and intentionally doctored the video. There is no support for any allegation of duress. Plaintiff falls far below pleading standard in all of his state law claims.

77. **Furthermore, probable cause for an arrest is a complete bar to an action for false imprisonment and illegal seizure under Florida law**. *Baxter v. Roberts*, 54 F.4th 1241 (11th Cir. 2022). In *Baxter,* the court determined that a motorists arrest in connection with a traffic stop contrary to the motorists will constitutes an element of false imprisonment. However, the same court further found that a traffic stop did not constitute false imprisonment where the initial stop was based on reasonable suspicion that a motorist had been driving carelessly. *Id* at 1272.

78. Where a legal exception to the Fourteenth Amendment exists, no reasonable suspicion is needed to conduct a stop. Absent a wellness check, a reasonable officer could also have reason to believe the plaintiff was committing a crime; namely driving under the influence (DUI).

79. As for his arrest, plaintiff describes a routine and customary DUI investigation that in the totality, lead to probable cause to arrest him. He was found asleep in the driver seat of his vehicle on a public road. Notwithstanding that plaintiff admitted to having at least a drink that night, his physical demeanor was described to be consistent with that of an individual whose normal faculties are impaired to the extent that they are unable to operate

machinery. Any reasonable officer would have responded the same and conducted the arrest of plaintiff.

80. Probable cause is also a complete bar to a claim of Malicious Prosecution. In order to prevail in a malicious prosecution action, a plaintiff must establish that: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; *(4) there was an absence of probable cause for the original proceeding*; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. *Verdon v. Song*, 251 So. 3d 256 (Fla. 5th DCA 2018).

81. Here, Defendants admit that plaintiff can meet elements 1-2 of a malicious prosecution claim, however he falls short of meeting elements 3-6.

82. Element 3 requires that there was a bonafide termination of the underlying proceeding in favor of the plaintiff. Suits that terminate because of technical or procedural reasons or considerations other than the merits of the first suit, are not bona fide terminations and will not support a malicious prosecution suit. *Id* @ 259. Here, plaintiffs underlying criminal case was dismissed on the technical or procedural grounds of double jeopardy. Element 4 requires that there was an absence of probable cause which this motion has made clear is not the case here; his DUI case was dismissed on procedural grounds, not substantive grounds.

22

83. We previously established that probable cause was found in plaintiffs underlying criminal case and therefore, he cannot satisfy element 4 of a malicious prosecution claim.

84. Element 5 requires that he show malice on the part of Iannone and Deacitis, however he has failed to show that either of them acted with intentional malice or bad faith to harm him. He additionally offers no factual support or individual motive to support his conclusory statements that any video evidence was doctored, or any arrest affidavit was fabricated.

85. Even despite the fact that probable cause was found at multiple settings during the pendency of his case, plaintiff in unable to plead facts sufficient to bring a valid cause of action against DEFENDANTS for a claim of Malicious Prosecution and False Arrest and any opportunity afforded to plaintiff to amend his complaint will be futile. Accordingly, the court should dismiss plaintiff's Second Amended Complaint with prejudice.

## IV. *PLAINTIFF FAILED TO COMPLY WITH PLEADING REQUIREMENTS BY FILING A SHOTGUN PLEADING.*

86. The Complaint contains characteristics that the Eleventh Circuit has found are common in shotgun pleadings.

87. Plaintiff make a general reference to his allegation of damages suffered in paragraph 51 of his Second Amended Complaint. However, he fails to plead any damages at all under Count I. Under count II, plaintiff references the entirety of his allegations on damages as the factual support to meet the final element of each of his claims under that count. *See D.E. 39 at para. 82.* Plaintiff again fails to plead any damages at all under Count III and IV. In Count V, plaintiff pleads only emotional distress. Contrarily, at the end of his Second Amended Complaint, plaintiff makes yet another generalized allegation of "Relief Requested". This fails to place the DEFENDANTS on notice of what damages

are alleged to have been suffered relative to each individual claim made against the DEFENDANTS, in their respective capacities.

88. The Eleventh Circuit finds complaints to be a shotgun pleading when they are replete with "conclusory, vague and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach County Sheriff's Office,* 792 F.3d 1313 (11th Cir. 2015). *See also Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 159 n. 9 (11th Cir. 1997) (finding a complaint to be a shotgun pleading when a reader must speculate as to which factual allegations pertain to which count). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018).

89. The Second Amended Complaint is replete with "conclusory, vague and immaterial facts not obviously connected to any particular cause of action." *See D.E. 39 at para. 50 (having to do with individuals no listed as Defendants in the Second Amended Complaint).*

90. While courts must *sua sponte* allow a litigant one chance to remedy these deficiencies, the Court may dismiss the complaint with prejudice on this basis once Plaintiff has had the opportunity to replead. *See e.g., Aracena v. Gruler,* 347 F. Supp 3d 110 (M.D. Fla. 2018).

91. Here, plaintiff was given the opportunity to re-plead his Complaint and still failed to meet the procedural requirements of said pleadings – any further attempt to re-plead will result in futile efforts and will not result in a valid cause of action against Defendants.

92. Finally. Plaintiff's Second Amended Complaint requests redress of items that are not recognized as protected "rights". *See D.E. 39 at para. 51.* For example, license

suspensions and revocations, loss of his job, loss of his home, falling into debt with his credit card, family loss wages for their calling into work to be present at all of his hearings, medical issues while being incarcerated, and more. *Id.* While plaintiff alleges various grievances, the law does not recognize all grievances as rights that form the basis of a legally cognizable cause of action. Furthermore, plaintiff has provided no nexus or context to indicate that any such alleged injuries stemmed from his arrest.

## CONCLUSION

Pursuant to *Fed. R. Civ. P. 12(b)(6),* Defendants, THE CITY OF PORT ST. LUCIE (hereinafter "CITY"), JOSEPH IANNONE (hereinafter "IANNONE"), JAMES DEACETIS (hereinafter "DEACETIS"), and JESUS MEREJO ("hereinafter "MEREJO") (all jointly, "DEFENDANTS") by and through undersigned counsel pursuant to Fed. R. Civ. P. 12(b)(6) and S.D. Fla. L.R. 7. l (a) (l) file this Motion to Dismiss the Complaint based on the Plaintiff's lack of compliance with the conditions precedent in *Fla. Stat. §768.28* and failure to state a claim upon which relief can be granted, the CITY and MEREJO's entitlement to immunity from Nelson Henry's ("Plaintiff") claims on the basis of sovereign immunity, and IANNONE and DEACITIS entitlement to qualified immunity. Plaintiff's complaint is full of strained, transparent, and groundless efforts to cast blame for Plaintiff's own arrest. In laying out the facts, he describes law enforcement engaging in facially constitutional activities, precluding his § 1983 municipal liability claim against the city and its employees. His allegations are those of a disgruntled individual, rather than an individual whose rights have been violated, neither on the Federal nor State level. As such DEFENDANTS ask the court to dismiss the complaint with prejudice.

25

WHEREFORE, Defendants, THE CITY OF PORT ST. LUCIE (hereinafter "CITY"), JOSEPH IANNONE (hereinafter "IANNONE"), JAMES DEACETIS (hereinafter "DEACETIS"), and JESUS MEREJO ("hereinafter "MEREJO") (all jointly, "DEFENDANTS") respectfully request that the Court dismiss the complaint on the grounds of immunity and failure to state a valid cause of action and grant any further relief deemed appropriate by this Honorable Court.

**Dated: <u>February 9, 2024</u>**

 Respectfully Submitted,

<u>s/ James O. Williams, Jr., Esq.</u>
James O. Williams, Jr., Esq.
Florida Bar No. 614513

26

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on February 9, 2024, we electronically filed the foregoing document via CM/ECF to the parties listed below.

<u>s/ James O. Williams, Jr., Esq.</u>
James O. Williams, Jr., Esq.
Florida Bar No. 614513
Service to: eservice@wlclaw.com
Attorney for Defendant City of Port St. Lucie
Williams, Leininger & Cosby, P.A.
11300 US Highway One, Suite 300
North Palm Beach, FL  33408
Telephone: 561-615-5666
Facsimile: 561-615-9606

## <u>SERVICE LIST:</u>

Nelson Henry, Pro Se
12415 79th Court North
West Palm Beach, FL 33412
NelsonTyHenry@gmail.com

27