UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 23-14197-CIV-CANNON/McCabe

**NELSON HENRY**,

    Plaintiff,

v.

**JOSEPH IANNONE,** *et al.*,

    Defendants.

_____/

**ORDER ACCEPTING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND DIRECTING
INDIVIDUAL DEFENDANTS TO ANSWER AMENDED COMPLAINT**

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation on Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint [ECF No. 55]. Upon review, the Report is **ACCEPTED IN PART AND REJECTED IN PART** [ECF No. 55]. The Court agrees with the entirety of the Report except on one legal issue: the Report's determination that Plaintiff plausibly alleges compliance with the denial precondition set forth in Fla. Stat. § 768.28(6), a statute waiving sovereign immunity in tort actions under certain preconditions [ECF No. 55 pp. 12–13]. For that reason, Plaintiff's claims against the City of Port St. Lucie (the "City") and Jesus Merejo (the "City Manager") are **DISMISSED WITHOUT PREJUDICE**. The Court otherwise accepts the Report and **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss (the "Motion") as indicated below [ECF No. 41].

CASE NO. 23-14197-CIV-CANNON/McCabe

## LEGAL STANDARDS

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).[1]

## DISCUSSION

The discussion herein is limited to the sole issue on which the Court disagrees with the Report: its legal determination that Plaintiff plausibly alleges compliance with the written denial condition precedent set forth in Fla. Stat. § 768.28(6). As background, Plaintiff sues the City and City Manager for false arrest and false imprisonment in Counts III and IV [ECF No. 39]. Plaintiff alleges in the Third Amended Complaint (the "Complaint") that he mailed a "Notice to Bring Lawsuit" to all Defendants on July 18, 2023, and that a second Notice was mailed to the City and the City Manager on December 11, 2023 [ECF No. 39 ¶ 48]. It is uncontested, however, that

---

[1] Defendants filed a Notice of Non-Objection to the Report on July 2, 2024 [ECF No. 56]. Plaintiff has not filed objections, and the time to do so has expired.

2

Plaintiff has not alleged that Defendants denied Plaintiff's Notice in writing [ECF No. 41 pp. 17–20; ECF No. 42 p. 5; *see* ECF No. 39].

In the Motion to Dismiss, the City and the City Manager argue that the claims against them should be dismissed on sovereign immunity grounds because Plaintiff has not complied with one of two necessary pre-suit conditions as specified in the state's limited waiver of sovereign immunity [ECF No. 41 pp. 17–20]. The Report acknowledges that Plaintiff's Complaint lacks any reference to the written denial precondition but rejects Defendants' arguments because Plaintiff adequately alleges that he gave written notice to the agency [ECF No. 55 p. 13].

Under Fla. Stat. § 768.28, the State of Florida and its political subdivisions agree to a limited waiver of sovereign immunity in tort actions if certain conditions are met. *See* Fla. Stat. § 768.28(6)(a); *see also* Fla. Stat. § 768.28(2) (defining state subdivisions to include "counties and municipalities"). As relevant here, Section 768.28(6)(a) creates two necessary preconditions to maintaining a suit against a state agency or subdivision: (1) the claimant must give written notice to the agency; and (2) the respective entities must deny the claim in writing. Fla. Stat. § 768.28(6)(a)–(b); *Vargas v. City of Fort Myers*, 137 So. 3d 1031, 1033 (Fla. Dist. App. Ct. 2014). The statute refers to these requirements as "conditions precedent" to maintaining an action against a political subdivision. Fla. Stat. § 768.28(6)(b). It is well settled that courts are bound by the plain text of statutory law, *see, e.g.*, *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 127 (2018), and that statutes purporting to waive sovereign immunity are to be strictly construed, *see, e.g.*, *Dep't of Fin. Servs. v. Barnett*, 262 So. 3d 750, 752 (Fla. Dist. Ct. App. 2018), *approved*, 303 So. 3d 508 (Fla. 2020)

In this case, although Plaintiff adequately alleges that he gave written notice to the agency of his claims as required by Section 768.28(6) [ECF No. 39 ¶ 48], there is no dispute that Plaintiff

has not alleged the second half of the statutory pre-suit requirements: written denial from the City or the City Manager [*see* ECF No. 39]. For that reason, bound by the plain text of the statute, and mindful that waivers of sovereign immunity must be strictly construed, Plaintiff's claims against the City and the City Manager are due to be dismissed.[2] The Court otherwise accepts the balance of the well-reasoned Report, as outlined below.

## CONCLUSION

Upon review of the Report, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 55] is **ACCEPTED IN PART AND REJECT IN PART**.

2. Defendants' Motion [ECF No. 41] is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. The Motion is **GRANTED** as to Count I to the extent Plaintiff alleges a constitutional violation based on Defendants Iannone and Deacetis approaching Plaintiff's parked car. The Motion is **DENIED** as to the false arrest and malicious prosecution aspects of Count I.

   b. The Motion as to Count II is **DENIED**.

   c. The Motion is **GRANTED** as to the City and City Manager with respect to Counts III and IV based on sovereign immunity as noted in this Order. *See* Fla. Stat. 768.28(6)(a)–(b).

---

[2] To the extent Defendants Iannone and Deacetis rely on a similar written-denial argument, the Court disagrees because Section 768.28 does not apply to claims against individual municipal employees [ECF No. 55 p. 13 n.2].

    d. The Motion is **DENIED** as to Count III with respect to the claims against Defendants Iannone and Deacetis.

    e. The Motion is **GRANTED** as to Counts IV and V for failure to state a claim for relief against the City Manager. The Motion as to Counts IV and V is **DENIED** in all other respects.

3. The Clerk shall **TERMINATE** the City of Port St. Lucie and Jesus Merejo as Defendants in this action.

4. Defendants Joseph Iannone and James Deacetis shall answer Plaintiff's Amended Complaint [ECF No. 39] on or before **August 7, 2024**. The surviving claims against Defendants Joseph Iannone and James Deacetis are Count I (false arrest and malicious prosecution only); and Counts II through V.

5. The Clerk shall **MAIL** a copy of this Order to the address listed below.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 22nd day of July 2024.

                                    **AILEEN M. CANNON**
                                    **UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Nelson Henry
Palm Beach County Jail
P.O. Box 24716
West Palm Beach, Florida 33416
PRO SE