UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-14197-AMC

Cannon / McCabe

NELSON HENRY,
Plaintiff,

V.

JOSEPH IANNONE and JAMES DEACETIS,
Defendants.

FILED BY CF D.C.
JUL 16 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANTS FAILURE TO ANSWERS INTERROGATORIES AND REQUESTS FOR ADMISSIONS

Plaintiff, pursuant to Fed. R. Civ. P. 37 and applicable precedent respectfully moves this Court for sanctions against Defendants for their bad faith violation of a court order [ECF No. 217] compelling proper responses to Plaintiff interrogatories and requests for admissions. Defendants have repeatedly submitted bad faith responses, demonstrating indifference to the Courts authority and undermining the integrity of the discovery process.

## BACKGROUND

1. On April 29, 2025, Plaintiff filed Motion for Entry of Default against Defendants. [ECF No. 183]

2. The Court issued and Order compelling Defendants to provide complete and good faith responses to Plaintiff's interrogatories and requests for admissions. [ECF No. 217]

3. Despite this order, Defendants have submitted non-responsive, evasive, and bad faith answers. [Ex. A]; [Ex. B].

1 of 7

4. Plaintiff has made good faith efforts to resolve these discovery issues without Court intervention as required by Rule 37 (a)(1), and (d)(1)(B), by writing a letter [Ex. A] and by speaking to Defendants counsel via phone on July 7, 2025, only to Defendants Counsel advising Plaintiff: Defendants do not need to respond to the interrogatories and request for admissions Plaintiff stated in his letter, and that if Plaintiff move for sanctions that Defendants Counsel will move for Plaintiff to pay cost for their motion opposing Plaintiff sanctions and contest to the Court that Plaintiff discovery requests is harassing. Good faith conferral was to no avail. Plaintiff provided Defendants additional two weeks to correct their bad faith by July 9, 2025, Defendants did not respond.

## LEGAL STANDARD

### Federal Rules of Civil Procedure 37

5. Rule 37 authorizes the Court to impose sanctions when a party fails to obey an Order to provide or permit discovery, including orders compelling answers to interrogatories or requests for admissions

### Relevant Precedent And Case Citation

6. Mercer v. Raine, 443 So. 2d 944 (Fla. 1983): Sanctions are appropriate where a party's noncompliance with discovery order is willful or in bad faith.

7. Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So. 2d 1271 (Fla. 1990): The trial Court must find that the noncompliance was willful or in bad faith before imposing severe sanctions.

8. Rojas v. Ryder Truck Rental Inc., 641 So. 2d 855 (Fla. 1994) Repeated disregard for Court orders and discovery obligations justifies sanctions including striking pleadings.

9. Ham v. Dunmire, 891 So. 2d 492 (Fla. 2004): Sanctions are

warranted to maintain the integrity of the judicial process when a party demonstrates indifference to Court orders.

10. Wyndham Vacation Ownership Inc., v. Clapp Bus Law LLC, No. 6:19-cv-756-Orl-41GJK, 2020 U.S. Dist. LEXIS 108196, 2020 WL 3266059, at *2 (M.D. Fla. Apr. 2, 2020): Rule 37(b) authorizes a panoply of sanctions for a party's failure to comply with a discovery order.

## ARGUMENT

11. Defendants Misleading Plaintiff and the Court: Plaintiff asserts Defendants' provided a false Jurat for both of Defendants second set of interrogatories by Defendants' providing duplicative Jurats of the first set of interrogatories to be used to disguise the second set of interrogatories to mislead the Court and Plaintiff as to the second set of interrogatories was sworn to. Defendants answered some of the second set of interrogatories up to the 25 limit as prescribed by Fed. R. Civ. P. 33, presenting that those had to be sworn to. Defendants' duplicative Jurat can be proven by looking at the bottom of the Jurat for the second set of interrogatories that clearly states "Scanned with CamScanner," comparing both Jurats for each Defendants seeing that they are identical, and these evidence clearly indicates Defendants knowingly provided false Jurats that does not correctly swears to the second set of interrogatories to mislead Plaintiff and the Courts, and sanctions should be impose. See Zuleta v. Prof. Team Paint, Inc., No. 6:08-CV-1950, 2009 U.S. Dist. LEXIS 46442, 2009 WL 1543823 (M.D. Fla. 2009); see also [Ex. B, Defendant Amended Response along with Responses to second set of Interrogatories].

12. Defendants was provided sufficient notice to adequately correct their bad faith action of false jurats. The Court Order [ECF No 217] providing Defendants to correct their bad faith responses, and Plaintiff letter [Ex. A] providing Defendants 14 days in which their was a entire week prior to July 4 to correct the false Jurat and three days after the 4th of July to correct the false Jurat. Importantly, the additional week Defendants' were requesting to correct their bad faith supports Plaintiff's claims that Defendants' could have completed their correction in the two weeks Plaintiffs provided

13. Most importantly, this is not Defendant's first time not providing the proper Jurat [ECF No. 183, pg. 6, para. 15], this makes the second time Defendants committed this bad faith violation.

14. Plaintiff asserts he was in compliance with Rule 33, as to interrogatories para. 6 and para. 8 to Defendant Deacetis as it was within the 25 limit, and Plaintiff not needing to request the Courts. Fed. R. Civ. P. 33

15. Defendants Deacetis repeated the same boiler plate objections to the same interrogatories para. 6, and boiler plate objection to the second set of interrogatories para. 8 demonstrating bad faith as emphasized in Federal Practice and Procedure § 2261. see [Ex. B]

16. In Plaintiff's motion for entry of default against Defendants, Plaintiff addressed Defendants' Iannone bad faith answers to interrogatories para. 10 [ECF No. 183, pg. 3, para. 7-8], addressed Defendant Iannone bad faith answers to admission request para. 21 [ECF No. 183, pg. 2-3, para. 7-8], and addressed Defendant Deacetis bad faith answers to interrogatories para. 6 [ECF No. 183, pg. 5, (d)]. These questions are relevant to the facts of the suit and present a respondeat superior claim. Defendants' refuses to respond, and violated the Courts order to respond to the above.

17. Defendants Non-Responses Were In Bad Faith: Defendants' repeated non-responsive answers addressed in para. 16 above, and boiler plate objections addressed in para. 15 above, despite a clear court order constitute bad faith and willful disregard for discovery process.

18. Indifference to Court Orders: The continued failure to comply, even after being ordered to correct their responses evidence Defendants' indifference to the authority of this Court.

19. Prejudice to Plaintiff and Integrity of Discovery Process: Defendant's conduct has prejudice Plaintiff's ability to prepare for summary judgment, trial, and threathens the integrity of the discovery process.

20. Plaintiff further notes that Defendants' contentions regarding alleged harassment remain unchanged and continue to invoke the Federal Rule of Civil Procedure 11(b)(1), parties are required to certify that their claims, defenses, and other legal contentions are not presented for any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Defendants' assertion of harassment, without substantive change or support, appears to be an attempt to deflect from their own noncompliance with the Court's discovery order and does not excuse their obligation to provide good faith responses.

21. The Federal Rule are Clear: Contentions of harassment must be supported by facts and must not be used to justify evasion or bad faith in discovery responses. Courts' have held that invoking harassment as blanket defense, while simultaneously failing to comply with discovery, may itself be sanctionable conduct if is not grounded in fact or law. Defendants reliance on this contention in the face of a clear Court order and without addressing the deficiencies in their responses, further demonstrates indifference to the Court's authority and the integrity of the discovery process.

### RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

22. Find that Defendants have violated the Court's Order by answering in bad faith

23. Impose a panoply of sanctions for Defendants' failure to comply with discovery order under Rule 37, which may included:

    a) directing that the matters embraced in the order or other designated facts be taken as established for purposes of action, as the prevailing party claims

5 of 7

b) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence

c) striking pleadings in whole or in part

d) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination

e) order the Defendants and Attorney represent Defendants to pay the reasonable expenses incurred in seeking relief

## CONCLUSION

Defendants' repeated bad faith responses and disregard for this Court's Order warrant sanctions to enforce compliance and preserve the integrity of the judicial process. Plaintiff respectfully requests the Court grant this motion and award appropriate relief.

## DECLARATION

I, NELSON HENRY, declare under penalty of perjury that the foregoing is true and correct.

## CERTIFICATE OF SERVICE

I, NELSON HENRY, hereby certify that on the below date I submitted the foregoing documents to the United States District Court Southern District of Florida Office of the Clerk for Electronic Case Filing with the Court and service upon the parties listed below via CM/ECF.

Dated: July 11, 2025

/s/ Nelson Henry
Nelson Henry (Pro se)
DC No. W30650
Okeechobee C.I.
3420 NE 168th St.
Okeechobee, Florida 34972

7 of 7

SERVICE LIST
James O. Williams, Jr., Esq.
Florida Bar. No. 614513
SERVICE TO: eservice@wlclaw.com
Attorney For Defendants
11300 U.S. Highway One, Suite 300
North Palm Beach, FL 33408
Telephone: 561-615-5666
Facsimile: 561-615-9606

7 of 7