UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 23-14197-CIV-CANNON/McCabe

**NELSON HENRY**,

 Plaintiff,

v.

**JOSEPH IANNONE**
and **JAMES DEACETIS**,

 Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 341]**

**THIS CAUSE** comes before the Court upon Magistrate Judge Ryon M. McCabe's Report and Recommendation ("Report") on Defendants' Motion for Summary Judgment (the "Motion") [ECF No. 341 (Report); ECF No. 304 (Motion)]. The Report recommends summary judgment in favor of Defendants on all of Plaintiff's remaining claims in the Second Amended Complaint ("SAC") [ECF No. 39]—namely, Plaintiff's Fourth Amendment claims for malicious prosecution and false arrest, and common law claims for malicious prosecution, false arrest, and intentional infliction of emotional distress [ECF No. 341]. Plaintiff, proceeding pro se, filed timely Objections to the Report [ECF No. 345].[1]

The Court has reviewed the Report [ECF No. 341], Plaintiff's Objections [ECF No. 345], Defendants' Motion and all related filings [ECF Nos. 304–306, 331–333, 336], and the full

---

[1] Plaintiff filed two identical versions of his Objections, one on December 8, 2025 [ECF No. 344] and one on December 11, 2025 [ECF No. 345]. The Court cites the latter filing in this Order.

summary judgment record.[2] For the reasons set forth below, the Report [ECF No. 341] is **ACCEPTED**, and the Motion [ECF No. 304] is **GRANTED**.

## RELEVANT PROCEDURAL HISTORY

This case is about a DUI arrest conducted by Officers Iannone and Deacetis of the City of Port Saint Lucie when they encountered Plaintiff asleep in his parked car on the side of a highway on January 17, 2021 [ECF No. 39]. Following his arrest, Plaintiff was detained for twelve months awaiting trial, but state prosecutors ultimately dismissed the DUI case against Plaintiff following a mistrial (due to juror unavailability and a later determination of double jeopardy preventing a retrial) [ECF No. 39 ¶¶ 29, 37–38, 75, 93–97]. In July 2023, Plaintiff brought this suit against Officers Iannone and Deacetis, the City of Port St. Lucie, and the City Manager alleging various claims stemming from that arrest [ECF No. 1].

At issue now for summary judgment, following two amendments of Plaintiff's Complaint and an earlier order dismissing Plaintiff's claims against the City and City Manager [ECF No. 58], are the following claims against Officers Iannone and Deacetis: (1) malicious prosecution under the Fourth Amendment and state common law (Counts I and II); (2) false arrest under the Fourth

---

[2] The summary judgment record includes: Defendant Iannone's Affidavits [ECF Nos. 304-1; 304-5; ECF No. 333-1 pp. 12–14, 91–94, 117–118]; the maps of the scene of the arrest [ECF No. 304-2; ECF No. 333-1 p. 95]; the field sobriety testing paperwork [ECF No. 304-3; ECF No. 333-1 p. 127]; the citations issued to Plaintiff [ECF Nos. 304-4; 304-7]; the incident investigation report [ECF No. 304-5; ECF No. 333-1 pp. 108–116], Plaintiff's prisoner intake information [ECF No. 304-8], the property inventories from Plaintiff's arrest [ECF Nos. 304-14; 304-15; ECF No. 333-1 pp. 97–100, 119]; Plaintiff's affidavits detailing the facts of the arrest [ECF No. 304-16; ECF No. 333-1 pp. 1–7], the state-court filings pertaining to Plaintiff's prosecution for his DUI offense [ECF Nos. 304-9; 304-10; 304-11; ECF No. 333-1 pp. 78–80, 86–89]; the Operating Procedures of the Port St. Lucie Police Department [ECF No. 333-1 pp. 20–28]; the various responses to Plaintiff's discovery requests [ECF No. 333-1 pp. 30–63, 101–107, 121–125, 129–133]; Plaintiff's booking photo [ECF No. 333-1 p. 64]; the internet articles describing officer misconduct submitted by Plaintiff [ECF No. 333-1 pp. 65–71]; the criminal docket from Plaintiff's state case [ECF No. 333-1 pp. 73–76]; the officers' collective bargaining agreement with the City of Port St. Lucie [ECF No. 333-1 pp. 81–84]; and the body cam footage from the arrest [ECF No. 304-6].

Amendment and state common law (Counts I and III); and (3) intentional infliction of emotional distress (Count V) [ECF No. 39].[3] The Report recommends judgment in favor of Defendants on those claims, concluding that Defendants had at least arguable probable cause to arrest Plaintiff for DUI and therefore are entitled to qualified immunity on Plaintiff's federal claims, on the one hand, and to state sovereign immunity under Fla. Stat. § 768.28(9)(a) for any alleged tortious conduct performed within the scope of their employment, on the other [ECF No. 341]. Pertinent to this conclusion is the video evidence of Plaintiff's field sobriety tests performed on scene, which blatantly contradicts Plaintiff's account of the same and plainly shows that Plaintiff (1) failed to follow instructions during the first phase of the field sobriety test; (2) swayed and stumbled numerous times during the second and third phases of the field sobriety test; and (3) stated that he had "[j]ust one" when asked how much he had to drink [ECF No. 304-6 at 0:57–1:05, 1:31, 3:20–6:06, 6:09–6:17; ECF No. 39 ¶ 33; ECF No. 305 ¶ 19; ECF No. 332 ¶ 1].[4]

Plaintiff filed timely Objections to the Report [ECF No. 345]. In those Objections, Plaintiff claims that the Report improperly resolves factual disputes at the summary judgment stage; misapplies precedent in determining that the video of the police encounter "blatantly contradicts" Plaintiff's account of the interaction; erroneously concludes that officers had arguable probable cause to arrest him; improperly dismisses Plaintiff's purported *Monell* claim; misapplies the "bad faith" exception to Florida's sovereign immunity statute, Fla. Stat. § 768.28(9)(a); and otherwise fails to address Plaintiff's intentional infliction of emotional distress claim [ECF No. 345]. The Report is ripe for adjudication [ECF Nos. 341, 345].

---

[3] The Court dismissed Plaintiff's initial complaint as a shotgun pleading [ECF Nos. 1, 5] and then permitted two additional amendments: Plaintiff's First Amended Complaint [ECF No. 7] and then the operative SAC [ECF No. 39].

[4] Although Plaintiff challenges the characterization of the video footage, he does not dispute the authenticity of the footage or claim that it has been altered in any way. *See Baker v. City of Madison, Al.*, 67 F.4th 1268, 1277 (11th Cir. 2023).

CASE NO. 23-14197-CIV-CANNON/McCabe

**RELEVANT FACTS**

As necessary context to resolve Plaintiff's Objections to the Report, the Court sets forth the following facts as drawn from undisputed portions of the summary judgment record.[5] As always, summary judgment is appropriate only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(a). Wherever there is a factual dispute, the Court construes the record in the light most favorable to Plaintiff. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014). However, notwithstanding Plaintiff's version of events, when a video blatantly contradicts one version of the facts "so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

At approximately 3 a.m. on January 17, 2021, Officer Iannone pulled behind Plaintiff's car, which was stopped on the side of Veterans Memorial Parkway in Port St. Lucie [ECF No. 306 ¶¶ 4–5]. Officer Iannone approached the driver's side window on foot and saw Plaintiff asleep in the driver's seat [ECF No. 305 ¶¶ 8, 10; ECF No. 332 ¶¶ 8, 10]. Officer Deacetis arrived shortly thereafter [ECF No. 306 ¶ 8]. Officer Iannone then asked Plaintiff to get out of the vehicle to participate in a roadside field sobriety test, to which Plaintiff agreed [ECF No. 305 ¶ 17; ECF No. 332 ¶ 17]. The field test is captured on police video, filed conventionally by Defendants [ECF No. 316; ECF No. 304-6].

As depicted on the video, Officer Iannone first moves a pen back and forth in front of Plaintiff's face and instructs him to track the pen using only his eyes [ECF No. 305 ¶¶ 18, 20, 21; ECF No. 332 ¶¶ 18, 20]. Plaintiff repeatedly fails to follow Officer Iannone's instructions and

---

[5] Unless otherwise noted, these undisputed facts are drawn from the Joint Statement of Undisputed Facts [ECF No. 306] or from facts in Defendant's Statement of Material Facts and supporting exhibits [ECF No. 305] that are neither disputed nor rebutted by Plaintiff in his Response Statement of Material Facts and supporting exhibits [ECF Nos. 331–332]. *See* Fed. R. Civ. P. 56(c), (e).

4

tracks the pen by turning his entire head rather than using only his eyes [ECF No. 304-6 at 0:57-1:05, 1:31]. Next, Officer Iannone instructs Plaintiff to take nine steps in a straight line in a heel-to-toe manner with his arms at his sides while counting the steps out loud [ECF No. 305 ¶¶ 18, 24; ECF No. 332 ¶¶ 18, 24]. The video shows that Plaintiff repeatedly stumbles, sways, and extends his arms for balance as he performs the exercise [ECF No. 304-6 at 3:20-4:39]. Third, Officer Iannone instructs Plaintiff to stand on one leg and to hold the other leg six inches off the ground with his toes pointed out [ECF No. 305 ¶¶ 18, 32; ECF No. 332 ¶¶ 18, 32, 33]. The video also shows Plaintiff repeatedly swaying and touching his raised foot to the ground to maintain his balance [ECF No. 304-6 at 4:43-6:06]. At the conclusion of the test, Officer Iannone asks Plaintiff, "How much have you had to drink my man?" [ECF No. 304-6 at 6:09-6:17]. Plaintiff responds, "Just one" [ECF No. 304-6 at 6:09-6:17]. Thereafter, Officers Iannone and Deacetis placed Plaintiff under arrest for DUI [ECF No. 305 ¶ 43; ECF No. 332 ¶ 43]. Plaintiff remained detained on the DUI charge pending trial until February 2022 [ECF No. 304-9]; the case was dismissed after a mistrial in June 2022 [ECF No. 304-11].

## LEGAL STANDARDS ON REFERRAL

To challenge the recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

CASE NO. 23-14197-CIV-CANNON/McCabe

**DISCUSSION**

Upon *de novo* review of the Report and the full summary judgment record, the Court agrees with the well-reasoned Report and rejects Plaintiff's numerous objections, addressed in turn below in the order in which they are presented.

**A. The Report does not improperly resolve factual or credibility disputes at the summary judgment stage**.

In Plaintiff's first Objection, Plaintiff challenges the Report for purportedly resolving factual disputes and credibility questions at the summary judgment stage, in violation of Fed. R. Civ. P. 56 and related Eleventh Circuit caselaw [ECF No. 345 pp. 3–4 ("The R&R repeatedly accepts the officers' version of events, including their alleged observations about Plaintiff's 'bloodshot eyes,' 'odor of alcohol,' 'slurred speech,' 'stumbling,' and purported 'refusal' to submit to chemical testing.")]. This Objection lacks merit. As the face of the Report makes clear, Magistrate Judge McCabe explicitly declined to weigh disputed evidence in reaching his conclusion on arguable probable cause [ECF No. 341 p. 9 ("The Court declines to rely upon this additional evidence, as Plaintiff disputes much of it, including the credibility of the officers' personal observations.")]. Indeed, Magistrate Judge McCabe based his probable cause analysis on the undisputed facts that (1) the officers found Plaintiff asleep at the wheel of his vehicle, (2) he admitted to having one drink, and (3) he performed poorly on the field sobriety exercises as clearly displayed in the police footage [ECF No. 341 p. 14]. And, with regard to the field sobriety exercises, Magistrate Judge McCabe focused on uncontroverted video evidence, ultimately concluding (based on that uncontroverted evidence) that Defendants had arguable probable cause to arrest Plaintiff under Florida's driving under the influence statute [ECF No. 341 pp. 6–9]; *see* Fla. Stat. § 316.193. Following *de novo* review of the video, that determination is entirely correct and faithful to the summary judgment standard. Plaintiff's first objection fails.

> **B. The Report properly applies the Supreme Court's instruction in *Scott v. Harris*, 550 U.S. 372 (2007), to adopt the version of the facts plainly depicted in the video of the field sobriety test over Plaintiff's contradicted version.**

Plaintiff next criticizes the Report for reportedly misapplying the Supreme Court's decision in *Scott v. Harris*, 550 U.S. 372 (2007), which holds that district courts should not adopt a party's version of events on summary judgment when a video blatantly contradicts that party's account. 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). In Plaintiff's view, the video does not show any evidence of intoxication and therefore does not "blatantly contradict" his factual account of what happened [ECF No. 345 p. 5 (claiming that the video does not show intoxication or impairment, slurred speech, bloodshot or watery eyes, etc.)]. This version of events regarding Plaintiff's intoxication is plainly contradicted by the video evidence of the field sobriety test, which conclusively shows Plaintiff swaying and stumbling throughout the encounter as well as his inability to follow instructions throughout the testing [ECF No. 304-6 at 0:57-1:05, 1:31, 3:20-6:06]. Additionally, Plaintiff's arguments about the visual adequacy of the video itself (as it pertains to whether it completely shows his head and/or the location of his car) do not disturb the correct conclusion reached in the Report, which is that Defendants had ample basis to arrest Plaintiff based on any number of behavioral red flags undisputedly shown in the video, including his swaying, stumbling, and inability to follow instructions during the sobriety testing [ECF No. 341 p. 10 ("The Court has reviewed the video footage numerous times. The footage plainly and unambiguously shows that Plaintiff failed to follow instructions during the first phase of the test and that he swayed and staggered during the

second and third phases of the test." (citing ECF No. 304-6 at 0:57-1:05, 1:31, 3:20-6:06))].[6]

Plaintiff's second Objection is overruled.

### C. The Report correctly determines that Defendants had arguable probable cause to arrest Plaintiff for DUI notwithstanding Plaintiff's allegations of false statements in the arrest affidavit.

Plaintiff's third Objection to the Report is that Magistrate Judge McCabe supposedly erred in failing to recognize that "fabricated evidence or false statements defeat qualified immunity" [ECF No. 345 p. 6]. Pointing to *Paez v. Mulvey*, 915 F.3d 1276 (11th Cir. 2019), Plaintiff argues that the Report treats the allegedly fabricated statements—such as the officers' claims regarding Plaintiff's physical presentment and the location of his vehicle at the arrest—as "immaterial," which "directly contradicts *Paez*" [ECF No. 345 p. 6 (citing *Paez*, 915 F.3d at 1287)]. This Objection also lacks merit. *Paez* directs courts, when confronted with assertions of alleged misstatements or omissions in an officer's affidavit (and in the context of qualified immunity), to "examine the materiality of the information by inquiring whether probable cause would be negated if the offending statement [i]s removed or the omitted information included." 915 F.3d at 1287. The Report is fully consistent with that decision. Indeed, as indicated in the quoted portion below, the Report expressly declines to consider the alleged misstatements and reaches a conclusion of arguable probable cause without regard to such alleged misstatements:

> [E]ven after removal of the alleged misstatements [regarding direction of vehicle, refusal to submit to a breath test, bloodshot/watery eyes, slurred speech, fumbling with documents, and other persons' presence during stop], the officers' Affidavits still demonstrate arguable probable cause for a DUI arrest based on the following facts: (1) the officers found Plaintiff asleep at the wheel of his vehicle, (2) he performed poorly on the field sobriety exercises, and (3) he admitted to having one drink. (DE 304-1, DE 304-3).)

---

[6] Plaintiff attempts to support this objection by citing seemingly hallucinated quotations from cases such as *Sims v. Metro. Dade Cnty.*, 972 F.2d 1230 (11th Cir. 1992), and *Shaw v. City of Selma*, 884 F.3d 1093 (11th Cir. 2018). For example, Plaintiff quotes from *Sims v. Metro. Dade Cnty.*, asserting that "where the video does not clearly contradict the nonmovant's story, the court must accept the nonmovant's version." But *Sims* does not even cite or mention *Scott v. Harris* or its progeny; nor does it discuss any video evidence; nor even the concept of probable cause.

[ECF No. 341 pp. 13–14]. Accordingly, contrary to Plaintiff's suggestion, the Report is entirely faithful to the arguable probable cause standard and to the procedure for assessing misstatements as articulated in *Paez* [*see* ECF No. 245 p. 7].

> **D. The Report correctly concludes that any attempt to assert an official-capacity claim against Defendants now fails as a matter of law on the facts alleged.**

In Plaintiff's fourth Objection, Plaintiff claims the Report improperly dismisses a *Monell* claim which Plaintiff argues he pled in the SAC and briefed on summary judgment [ECF No. 345 pp. 7–8].[7] The record shows otherwise. The SAC nowhere mentions *Monell* liability, containing merely two repeated references to a "history and/or custom for falsifying Reports" [ECF No. 39 ¶¶ 50, 91]. As the motion-to-dismiss briefing reveals, that is insufficient to give notice of a *Monell* theory of liability, even granting Plaintiff's *pro se* status [*see* ECF No. 41 p. 17 n.4]. In fact, the Court dismissed all claims against the City in July 2024 for failure to comply with a pre-suit denial requirement in Fla. Stat. § 768.28(6) [ECF No. 58]. It was only until June 2025, almost a year after the Court's termination of the City as a party to this case, that Plaintiff meaningfully began suggesting that he had pled a *Monell* claim against the City [*see, e.g.*, ECF No. 240 p. 2]. And even then, the Court again clarified that the City was no longer a party to this action [ECF No. 241]. Regardless, to the extent the SAC can even be said to have pleaded a *Monell* claim against the City of Port St. Lucie or Defendants in their official capacities, the fundamental point remains the same, as stated in the Report: the SAC clearly lacks any plausible basis to state a claim of *Monell* liability against the City based on a purported policy of "falsifying Reports" [*see* ECF No. 341 pp. 15–18]. Nothing in Plaintiff's Objections disturbs the correctness of that conclusion or otherwise permits

---

[7] A plaintiff bringing a *Monell* claim must show: (1) the violation of a constitutional right, (2) that a municipality had a custom or policy of deliberate indifference to that right and (3) that the custom or policy caused the violation. *Rogers v. Sheriff of Santa Rosa Cnty., Fla.*, No. 21-13994, 2023 WL 2566087, at *6 (11th Cir. Mar. 20, 2023).

Plaintiff to insist upon a *Monell* claim that he never pleaded properly in this action. Plaintiff's Fourth Objection fails.

### E. The Report correctly determines that Defendants are entitled to sovereign immunity under Fla. Stat. § 768.28(9)(a).

Plaintiff's fifth Objection to the Report is that Defendants' alleged fabrication of facts to justify probable cause for his arrest constitutes an exception to Florida's sovereign immunity statute, Fla. Stat. § 768.28(9)(a). Recall that § 768.28(9)(a) provides immunity to Defendants for any alleged tortious conduct performed within the scope of their employment. Fla. Stat. § 768.28(9)(a). Under an exception to that rule, however, if an officer "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property," then sovereign immunity will not attach. *Id.* Plaintiff argues that Magistrate Judge McCabe ignored this statutory exception, basing his Report entirely on the fact that Defendants "acted 'within the scope' of employment" [ECF No. 345 p. 9].

Yet again, Plaintiff misstates the Report. After concluding that Officers Iannone and Deacetis were acting within the scope of their employment, Magistrate Judge McCabe "further" finds that "the undisputed facts show that the officers did not act in 'bad faith' or with 'malicious purpose' or in 'a manner exhibiting wanton and willful disregard of human rights, safety, or property' for purposes of" Fla. Stat. § 768.28(9)(a) [ECF No. 341 pp. 14–15]. The Court agrees with that determination; the officers had arguable probable cause to arrest Plaintiff for DUI, so no reasonable juror could conclude that the officers' conduct exhibited bad faith, malice, or wanton and willful disregard for Plaintiff's rights within the meaning of Fla. Stat. § 768.28(9)(a) [ECF No. 341 pp. 14–15]; *Scott v. City of Miami*, No. 21-CV-23995, 2023 WL 2621203, at \*4 (S.D. Fla. Mar. 21, 2023) ("[T]here is no evidence that the officers' actions were done with malice or bad faith because there was probable cause for the detention and arrest. Thus, Scott's claim against the

10

City of Miami fails. Fla. Stat. § 768.28(9)(a)."), *aff'd*, 139 F.4th 1267 (11th Cir. 2025). This Objection is due to be denied.

### F. The Report properly addresses and dismisses Plaintiff's claim for intentional infliction of emotional distress.

Plaintiff's sixth Objection to the Report is that it fails to address his claim for intentional infliction of emotional distress in Count V [ECF No. 345 pp. 9–10]. As explained, however, Magistrate Judge McCabe concludes that Defendants are entitled to sovereign immunity for state-law tort claims under Fla. Stat. § 768.28(9)(a) [ECF No. 341 pp. 14–15]. There is no dispute that Plaintiff's intentional infliction of emotional distress claim is a state law tort claim covered by Fla. Stat. § 768.28(9)(a). *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1330 (11th Cir. 2015) ("Fla. Stat. § 768.28(9)(a) . . . bars claims for both intentional infliction of emotional distress and malicious prosecution."). Accordingly, Plaintiff's last objection is overruled.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 341] is **ACCEPTED**.

2. Defendants' Motion for Summary Judgment [ECF No. 304] is **GRANTED**.

3. Final Judgment to issue by separate order.

**ORDERED** in Chambers at Fort Pierce, Florida, this 27th day of January 2026.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: Nelson Henry, *Pro se*
Okeechobee Correctional Institution
Inmate Mail/Parcels
3420 N.E. 168th Street
Okeechobee, Florida 34972